S. J. JORDAN, *County Superintendent of Schools, Washita County*, v. LELAH DAVIS.

(Filed June 30, 1900.)

1. SCHOOLS—*First - Grade Certificate*. Oklahoma Statutes, sec. 5820, Compiled Laws 1893, which reads: "No certificate shall be of force except in the county in which it is issued; *provided*, that the county superintendent may endorse unexpired first grade certificates issued in other counties on payment of the fee of one dollar, which certificate shall thereby be valid in the county in which such endorsement is made for the unexpired term of the certificate," imposes an imperative duty on the county superintendent to. endorse proper certificates when presented to him, and such officer is vested with no arbitrary discretion in such cases.

2. POWER, EXERCISE OBLIGATORY, WHEN. Where a power is given to public officers and the public interest or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit but for his. The power is deposited as a remedy to those entitled to invoke its aid. In all such cases the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose a positive and absolute duty.

(Syllabus by the Court.)

*Appeal from District Court of Washita County; before Clinton F. Irwin, District Judge.*

*F. A. Edwards,* for plaintiff in error.

*Smith & Sitterly,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   But one question is presented by the record in this cause.    Will *mandamus* lie to compel a county superintendent of schools to endorse an unexpired first grade certificate issued in another county, so as to make it valid in the county in which such endorsement is made?

The district court of Washita county issued a peremptory writ commanding the county superintendent of schools of that county to indorse such a certificate.    The superintendent appeals from the judgment ordering the writ, and the case is before us for review.

Is the statute authorizing the indorsement of such certificate mandatory or discretionary?

The statute, art. 5, chap. 73, Stat. 1893, provides for a board of county examiners in each county to be composed of the county superintendent, and two competent persons who are holders either of first grade certificates, territorial certificates, or diplomas from some state university, state normal, or state agricultural college.   This board is required, at certain periods, to publicly examine all persons proposing to teach in the public schools of the county, and issue certificates to all such applicants as shall pass the required examination, and satisfy the board as to their good moral character and their ability to teach and govern schools successfully.   These certificates

are by the amended statutes of 1897 classified into three grades. The first grade is issued to persons over twenty years of age, who have taught successfully twelve school months and have made a general average of ninety per cent in certain designated branches. The second grade certificates are issued to persons not less than eighteen years of age, who have taught successfully three school months, and who make a general average of eighty per cent in the required branches. The third grade certificates are issued to persons over sixteen years of age, who make an average grade of seventy per cent in the required studies. The county superintendent may grant temporary certificates, in cases of necessity, upon written request of a district school board, to be good only in a designated district, and until the next regular examination by the county board of examiners. The territorial board of education, composed of the territorial superintendent of public instruction, president of the territorial normal school, president of the university of Oklahoma, one superintendent of city schools, and one county superintendent, appointed by the governor, are authorized to grant territorial certificates to teachers which are good in any of the counties of the territory. Section 5820, relating to county certificates, provides:

"No certificate shall be of force except in the county in which it is issued; provided, That the county superintendent may endorse unexpired first grade certificates issued in other counties on payment of the fee of one dollar, which certificate shall thereby be valid in the county in which such endorsement is made for the unexpired term of the certificate."

It is contended that the word "may" as used in this section means "shall," and that it is the imperative duty

of the county superintendent on presentation of a first grade certificate from another county to endorse it as provided in this section.

The supreme court of the United States in the case *Supervisors v. United States*, 4 Wall. 435, had under consideration the question as to when the word "may" in a statute imposes an imperative duty. Mr. Justice Swayne, speaking for the court, said:

"The conclusion to be deduced from the authorities is that where power is given to public officers, in the language of the act before us, or in equivalent language— whenever the public interest or individual rights call for its exercise—the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given not for their benefit, but for his. It is placed with the depository to meet the demands of right. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless. In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose a positive and absolute duty."

This rule has been repeatedly approved by the same court, and also by the courts of highest resort in a large number of the states. See authorities cited in vol. 6, notes U. S. reports, 616.

Applying this rule to the statutes under consideration, there can be no doubtful result. The county superintendent of Washita county is empowered by the statute to endorse a first grade certificate issued by the examining board of any other county. This power is not conferred for the benefit of the superintendent of schools, but for the benefit of the holder of the certificate. The law empowers the officer to do this act for a third person.

It is the third person who has a right to the performance of the duty, and when demanded by a person holding the proper certificate, the law requires that the act shall be performed. There is no room for the exercise of discretion or judgment. There is no fact to be passed upon or determined. If the certificate presented is valid on its face, and the holder demands that it be endorsed, and tenders the required fee of one dollar, then all has been done that can be done to entitle the holder of the certificate to the endorsement necessary to make the certificate valid in the county where presented. It was the purpose of the legislature to make an exception in favor of first grade certificates, and to favor the holders of such certificates. The purpose of the law is to enable the holders of such certificates, during their existence, to teach a school in any county of the Territory, by having the certificate endorsed by the county superintendent. The law is for the benefit of the teacher, and not the superintendent. This power is deposited with the superintendent of schools to meet the demands of right, to encourage first class teachers, and to prevent the public from being imposed upon. It vests him with the power to examine these certificates when presented from another county, and if they are found regular and *prima facie* valid, to confer upon their holders additional rights by his official endorsement. It was not intended by the legislature to vest the officer with any arbitrary power of refusal, nor with a mere discretionary power to be exercised according to his whims or inclinations.

The defendant in error in this case held a first grade certificate issued by the examining board of Roger Mills county. The certificate was in full force and unexpired. She was employed to teach a school in Washita county.

Jordan, *Superintendent* v. Davis.

It is admitted in the record that she is of exemplary character, an experienced teacher, and in all things entitled to the endorsement, if the statute is held to be mandatory. No objection is made to her or her certificate. The county superintendent simply claims the right to refuse, on the grounds that the law does not compel him to endorse. We cannot accept his interpretation of the statute. Under the rule hereinbefore stated the statute is mandatory, and he will be required to make the proper endorsement on the certificate.

The judgment of the district court is affirmed at costs of plaintiff in error, and plaintiff in error is ordered to immediately endorse said certificate as of the date first presented to him, and mandate is directed to issue at once.

Irwin, J., having presided in the court below, not sitting; all of the other Justices concurring.