## RUSSELL *et al.* v. HARRISON, *Secretary of State.*

No. 4023.   Opinion Filed June 12, 1912.

(124 Pac. 762.)

**CONSTITUTIONAL LAW—Enactment—Initiative—"Will."** The word "will," as used in section 1 of an act approved March 18, 1911 (Sess. Laws 1910-11, c. 107), entitled "An act amending section 2, art. 1, chapter 66 of the Session Laws of 1910," and providing "any citizen of the state may, within ten days, by written notice to the Secretary of State and to the party or parties who filed such petition, protest against the same, at which time he will hear testimony and arguments for and against the sufficiency of such petition," means "shall" and is mandatory, and, being addressed to a public official, excludes the idea of discretion.

(Syllabus by the Court.)

Original proceeding in mandamus by Campbell Russell and others against Ben. F. Harrison, Secretary of State. Writ granted, but withheld to permit compliance with views expressed.

*Campbell Russell,* for plaintiff.

*Ben. F. Harrison, pro se.*

*Orville T. Smith, amicus curiae.*

TURNER, C. J. On May 29, 1912, a petition was filed by Campbell Russell for himself and on behalf of 11,393 other citizens and qualified voters of the state, alleging in substance that the defendant, Ben. F. Harrison, is the duly elected, qualified, and acting Secretary of State of Oklahoma; that on April 25, 1912, petitioner filed with him as such an initiative petition No. 23, state question No. 38, signed by petitioner, and many other qualified voters of the state, which proposed an amendment to the Constitution of the state of Oklahoma, a copy of which was filed as "Exhibit A" to the petition; that on said day it became and was the duty of the defendant to proceed at once to examine the sufficiency of said petition, but that, disregarding his duty, defendant has failed and refused so to do; that defendant has postponed an examination or determination thereof until June 17, 1912, at which time it is his purpose again to refuse and continue so to do so as to defeat and postpone the right of the citizens and qualified voters of the state to vote upon said proposed amendment, and praying for an alternative writ of mandamus commanding the defendant to proceed at once to determine the sufficiency of said petition or to show cause, and for proper relief. On May 29, 1912, said writ was issued by the court as prayed. On June 4, 1912, came defendant, as Secretary of State, and showing cause, after admitting that said petition was filed as alleged, states that protest thereto was filed May 4th, and a hearing thereon set for May 28, 1912, at which time plaintiff appeared, but that defendant was unable to hear said protest for the reason that a hearing was in progress upon the protest against the sufficiency of an initiative petition filed prior thereto, which had been set for hearing May 14, 1912; that

inasmuch as both hearings could not be had at the same time, defendant felt that precedence should be given to the hearing already in progress, and being advised and believing that he had authority, under section 2 of chapter 66 of Sess. Laws 1910, to use his discretion in setting the time for hearing such protest, provided the same be set for hearing not less than five days from the filing of protest, the hearing of the protest to initiative petition No. 23 was postponed until June 17, 1912; that plaintiff was present at the time of said postponement and offered no objection thereto; that the attorney protesting and the protesting parties were the same as those representing the parties protesting against the sufficiency of initiative petition No. 21, and said attorney requested that the hearing be postponed until some time in July, whereupon plaintiff objected, for the reason that he had several picnic engagements for the month of July; and that when June 17th was suggested plaintiff offered no protest. Further answering, he denies it to be his purpose or intention to postpone said hearing from time to time so as to defeat the ends of justice, and prays to be discharged. The return was insufficient, and the writ should run.

On the hearing in open court petitioner relied on an act entitled "An act to provide for carrying into effect the initiative and referendum powers, * * *" approved April 16, 1908 (Sess. Laws 1907-08, c. 44, art. 1), which provides:

"Sec. 6. Whenever an initiative petition or referendum petition shall be filed with the Secretary of State, he shall at once proceed to examine into its sufficiency. If any one desires to appear for or against it he shall receive testimony and arguments * * *"

—and insisted that "at once," as used in that connection, meant just what it said, and that it was the duty of the Secretary to proceed at once to examine into the sufficiency of the petition immediately on its filing. On the other hand, the Secretary relied on an act entitled "An act carrying into effect provisions relating to the initiative and referendum; * * * repealing sections 6, 7 and 16 of article one, chapter forty-four of the Session Laws of Oklahoma, 1907-08," approved March 17, 1910, which provides:

"Sec. 2.   When such original petition is filed in said office it shall be the duty of the Secretary of State to forthwith cause to be published in at least one newspaper of general circulation within the state, a notice setting forth the date of such filing. Any citizen of the state may, within ten days, by written notice to the Secretary of State and to the party or parties who filed such petition, protest against the same, whereupon the Secretary of State shall fix a day, not sooner than five days thereafter, at which he will hear testimony and arguments for and against the sufficiency of such petition"

—which repealed said act, and insisted that thereby he was given a discretion after protest filed to fix the date for the hearing which he had exercised by fixing June 17, 1912.   Both were in error as to the law, and it is since conceded in the briefs that this latter act was amended by an act entitled "An act amending section 2 of article 1, chapter 66, of the Session Laws of 1910, the same being a bill entitled 'An act carrying into effect provisions relating to the initiative and referendum,  *   *   * ' "   approved March 18, 1911, section 1 of which provides:

"When such original petition is filed in said office it shall be the duty of the Secretary of State to forthwith cause to be published in at least one newspaper of general circulation within the state, a notice setting forth the date of such filing.   Any citizen of the state may, within ten days by written notice to the Secretary of State and to the party or parties, who filed such petition, protest against the same, at which time he will hear testimony and arguments for and against the sufficiency of such petition"

—and which is the governing statute here.   In his brief petitioner, in effect, contended that, when the last sentence of said act said that "any citizen of the state may  *   *   *   protest against the same, at which time he will hear testimony and arguments for and against the sufficiency of such petition," the act meant just what it said, and that the word "will," as used in that connection, meant "shall," and that it was mandatory upon the Secretary of State to hear testimony and arguments for or against the sufficiency of such petition at the time of protest filed, leaving him no discretion in the premises to postpone said hearing.   We think so too.   The word "will" is frequently misused for "shall."   This is noted by Webster's International Dictionary for 1907, where it is said:

"In Ireland, Scotland, and the United States, especially in the southern and western portions of the United States, 'shall' and 'will' 'should' and 'would' are often misused, as in the following examples: 'I am able to devote as much time and attention to other subjects as I will (shall) be under the necessity of doing next winter, * * * I feel assured that I will (shall) not have the misfortune to find conflicting views. * * *'"

The last expression of the Legislature upon the subject was the act approved March 18, 1911, section 1, *supra,* of which amended section 2 of the act of March 17, 1910, by omitting the five days mentioned, and providing in effect that, at the time of the filing of the protest, the Secretary "will hear testimony and arguments for and against the sufficiency of such petition." The spirit of this legislation indicates the purpose to have immediate action in the premises by the Secretary. The word "will," as used in this connection, means "shall," and that the part of the last section quoted is mandatory, and it is the duty of the Secretary to proceed to an immediate hearing of testimony and arguments for and against the sufficiency of the petition. The word "shall," being mandatory, when addressed to a public official, excludes the idea of discretion. *In re O'Rourke,* 9 Misc. Rep. 564, 30 N. Y. Supp. 375. In contemplation of law, this hearing when begun is always open until finally concluded.

For the reason, however, that we believe the Secretary will conform to the views here expressed, the writ is withheld.

All the Justices concur, except HAYES, J., absent, not participating.