ROSA JOHNSON, *Plaintiff*, V. W. E. CONNELLY, as County Superintendent, etc., *Defendant.*

No. 18,498.

SYLLABUS BY THE COURT.

MANDAMUS—*County Superintendent—Indorsement of Teacher's Certificate—Imperative.* Section 7495 of the General Statutes of 1909, which provides that the county superintendent of public instruction "may" indorse unexpired teachers' certificates regularly issued in other counties when presented to him, imposes a duty upon him and creates a corresponding right in the holder of such certificate to have the same indorsed. Unless valid reasons exist for withholding his indorsement his duty is imperative, and upon his arbitrary refusal to perform the duty mandamus will lie to compel performance.

Original proceeding in mandamus. Opinion filed February 8, 1913. Motion to quash alternative writ overruled.

*Burch, Litowich & Mason,* of Salina, for the plaintiff.

*Frank Knittle,* county attorney, *H. C. Tobey,* and *R. A. Lovitt,* both of Salina, for the defendant.

The opinion of the court was delivered by

PORTER, J.: Rosa Johnson, the plaintiff, holds a teacher's certificate of the second grade issued by the county board of examiners of Wabaunsee county, July 1, 1911, authorizing her to teach school. On September 8, 1912, she sent her certificate by mail together with a fee of one dollar addressed to the defendant who is county superintendent of public instruction of Saline county and requested him to indorse the same as provided by law. Not hearing from him she went to see him and made the same request, which he refused stating no reason for his refusal. She thereupon brought this action to compel him to perform the duty

and to indorse the certificate. The cause is submitted upon defendant's motion to quash the alternative writ.

The contention of the defendant is that the statute providing for the indorsement by the superintendent of certificates from other counties imposes upon him a purely discretionary duty and one which he may or may not perform as he sees fit. The statute reads:

"No certificate shall be of force except in the county in which it is issued: *Provided,* That the county superintendent may indorse unexpired professional and first-grade, second- and third-grade certificates issued in other counties, on payment of the usual fee of one dollar, which certificate shall thereby be valid in the county in which such indorsement is made for the unexpired term of the certificate. A certificate issued under this act may be revoked by the board of examiners on the ground of immorality or for any cause that would have justified the withholding thereof when the same was granted." (Gen. Stat. 1909, § 7495.)

The statute clearly imposes a mere ministerial duty upon the superintendent which he may not arbitrarily refuse to perform. If the legislature had intended to impose upon such officer the duty to inquire into the qualifications of the holder of such certificate to teach school it doubtless would have used language indicating such a purpose. The certificate is issued in the first place by a board with discretion to pass upon the qualifications of the applicant, and when issued is conclusive upon superintendents in other counties, until some valid reason is shown to exist which would make the holder disqualified to become a teacher. The allegations of the writ are that the defendant without condescending to state any reason refused to perform a plain duty imposed upon him by the statute.

In *Jordan, Superintendent, v. Davis,* 10 Okla. 329, 61 Pac. 1063, the Oklahoma court had occasion to construe a statute which is in substantially the same language as ours except that it applies to first-grade certificates alone. The court there held the duty imposed

Johnson v. Connelly.

upon the superintendent to be imperative. It was said in the opinion that the purpose of the law is to enable the holders of such certificates to teach school in any county by having their certificates endorsed by the county superintendent; that the law is for the benefit of the teacher and not the superintendent, and the following language was quoted from the opinion of the supreme court of the United States in *Supervisors v. United States,* 71 U. S. 435, where the word "may" in a statute was held to impose an imperative duty:

"What they are empowered to do for a third person the law requires shall be done. The power is given not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless. In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose a 'positive and absolute duty.'" (p. 447.)

In the Oklahoma case it was expressly stated that no objection was made to the teacher or to her certificate; that the county superintendent stood upon his right to refuse on the grounds that the law does not compel him to endorse. In the case at bar the facts recited in the alternative writ and confessed by the motion, show an arbitrary refusal to perform the duty. Being asked what his reasons were the superintendent refused to state any. It is obvious that valid grounds might exist which would justify a county superintendent in refusing to endorse a certificate, but where the certificate had been regularly issued it is *prima facie* valid, and the superintendent may not arbitrarily refuse his endorsement. The statute imposes a duty upon him and creates a corresponding right in the holder of the certificate to have it endorsed. Unless valid reasons exist for withholding his endorsement his duty is imperative.

The motion to quash is overruled.

Burch, J., not sitting.