No. 19,113.

LIZZIE McCLAUSKEY, *Appellee,* v. E. E. BROWN, as County Superintendent, etc., *Appellant.*

SYLLABUS BY THE COURT.

1. MANDAMUS — *County Superintendent — Refusal to Indorse Teacher's Certificate — Writ Allowed.* The rule that a teacher holding a certificate duly issued by a board of examiners has a right, on presentation thereof with the proper fee to the superintendent of another county, to have such certificate indorsed by him unless some valid reason exists for withholding such indorsement—followed.

2. SAME—The test of the teacher's right to such indorsement is the existence or nonexistence of such valid reason, not the opinion or belief of the superintendent that such reason exists, and a court of competent jurisdiction may properly inquire into the matter and direct the superintendent in accordance with the result.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 6, 1915. Affirmed.

*Howard J. Hodgson,* and *S. F. Wicker,* both of Eureka, for the appellant.

*L. H. Johnson,* of Toronto, and *S. C. Holmes,* of Yates Center, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, holding a second-grade cer-
tificate issued by the board of examiners of Woodson
county, taught a term of school, beginning in the fall
of 1912, in district No. 35, Greenwood county, and
thereafter entered into a contract for the term begin-
ning in the fall of 1913, such contract being signed by
two members of the board only. In April, 1913, she
mailed her certificate with the required fee of $1 to the
defendant, the county superintendent of Greenwood
county, requesting his indorsement. The fee and the
certificate unindorsed were returned to the plaintiff in
September, 1913, and reached her after nine o'clock on
the day she began her second term of school. She sued
for a writ of mandamus requiring the defendant to
indorse the certificate, setting up the facts already indi-
cated and alleging that the defendant had led her to
believe that her certificate would be indorsed, and that
he had never at any time offered as an excuse or reason
for not indorsing it that she was lacking in moral char-
acter or teaching ability, but on the contrary well knew
that she possessed both and had taught and governed
the school successfully during the previous term. The
answer in substance alleged that the patrons of the
district were displeased with the plaintiff as a teacher,
and that the defendant held an investigation from
which he learned of certain conduct on her part by him
deemed indiscreet, and that she lacked the ability to
govern and control the school successfully. In reply
the plaintiff alleged that during her previous term the
defendant had visited the school and reported favor-
ably as to her ability and temperament to govern and
conduct the school. This report was received in evi-
dence without objection. An extended trial was had
and numerous witnesses were examined, manifesting
the usual interest and bitterness incident to school-dis-
trict troubles, and after considering the entire matter

the trial court expressly found, among other things, "that no good and sufficient reason existed why said defendant should not have endorsed the certificate of said plaintiff when the same was presented to him," and the indorsement was ordered.

The defendant appeals and complains of the admission of certain evidence, but mainly that the judgment was for the plaintiff instead of the defendant, and argues that the superintendent, having investigated the propriety of indorsing the certificate and having acted fairly and honestly in making such investigation, his conclusion was final and his action can not be controlled by mandamus. Numerous authorities are cited in support of this contention. He claims the right to decide the same as the examiners of Woodson county when issuing the certificate. "That while the board of examiners of Woodson county had the authority to revoke the certificate, that he had the same authority to refuse to endorse the certificate and could refuse to endorse the certificate for the reasons which might be determined sufficient to revoke the certificate." In *Johnson v. Connelly*, 88 Kan. 861, 129 Pac. 1192, holding that the duty to indorse is imperative unless valid reasons exist for withholding the indorsement, it was said that valid grounds might exist which would justify a refusal to indorse; that the statute imposes a duty upon the superintendent and creates a corresponding right in the holder, and unless a valid reason exists for withholding indorsement the duty is imperative. This case appears to have been tried and treated as one involving the moral character of the plaintiff, but it will be observed that the reasons set forth in the answer for withholding the indorsement were not immorality but mere indiscretion, and as to her qualifications the following is the precise allegation: "and that while teaching said school she lacked the ability to successfully govern and control her pupils and demand from them the respect that a teacher should." In *Johnson v. Con-*

*nelly,* supra, it was said that the statute imposes a mere ministerial duty, and if the legislature had intended to impose upon the superintendent the duty to inquire into the qualifications of the holder of the certificate to teach it doubtless would have used language indicating such a purpose; that the certificate was issued in the first place by a board with the discretion to pass upon the qualifications of the applicant, "and when issued is conclusive upon superintendents in other counties, until some valid reason is shown to exist which would make the holder disqualified to become a teacher." (p. 862.) This construction of the statute is not in line with the defendant's contention that his investigation and conclusion were binding and final. The plaintiff, having a certificate issued by the authorities of another county, was entitled to its indorsement by the defendant as a matter of ministerial duty unless valid reasons existed for withholding indorsement, and the trial court, having gone into the matter thoroughly, had concluded that such reasons ·did not exist.

It should be said that this is not a case in which the statute expressly leaves to the judgment and discretion of a superintendent the matter of indorsing a certificate and thereby continuing in the line of duty a teacher already possessing the evidence of qualification, or by withholding such indorsement retiring such teacher as unqualified or disqualified. His duty is to indorse unless some valid reason exists for refusal. And the existence itself of such reason—not his opinion that it exists—is the test by which the teacher whose qualifications have already been declared by a competent board is to continue in the profession or be compelled to retire.

The trial court, therefore, properly tried the question of valid reason and found none, and with this conclusion we agree.

The judgment is therefore affirmed.