In the Matter of the Application of ARTHUR C. BLATZ, Appellant, for a Peremptory Writ of Mandamus, *v.* J. HENRY ESSER, as Corporation Counsel of the City of Mount Vernon, N. Y., Respondent.

Second Department, December 5, 1919.

Civil service — classification of position — power to abolish position in competitive class — mandamus to compel reinstatement — allegations of respondent assumed to be true on application for peremptory writ — when alternative writ proper remedy.

It is for the State Civil Service Commission and not for the courts to decide whether a position in the civil service is or is not confidential.

Where a position as attorney in a tax department in the office of a corporation counsel of a city has been classed as competitive by the local commission with the approval of the State Civil Service Commission the appointing officials of the city are bound by the classification until it is set aside by judicial action or reclassified by the Civil Service Commission. The court cannot hold as a matter of law that such position did not properly come under the competitive class.

*It seems*, however, that an appointing officer has power to abolish in good faith a position in the competitive class.

On an application for a peremptory writ of mandamus to compel the reinstatement of an attorney in the tax department of the corporation

counsel's office of a city the answering affidavits alleging that the position was a confidential one, and exempt, and that the duties are now performed by other persons outside of the office, must be accepted as true, as upon a demurrer.

As the question of the due abolition of the petitioner's office presents an issue of fact the alternative writ is the proper remedy.

Appeal by the petitioner, Arthur C. Blatz, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of July, 1919, denying his motion for a peremptory writ of mandamus to compel his restoration to the position of attorney in the tax foreclosure department of the corporation counsel's office of the city of Mount Vernon, N. Y.

The respondent had appointed the petitioner on March 15, 1918, as an attorney in tax foreclosure proceedings, under an authority given by resolution of the common council on February 23, 1916.

Thereafter, the municipal civil service commission placed this position in the competitive class, which action was approved by the State Civil Service Commission. On April 15, 1918, the municipal civil service commission held a non-competitive examination which petitioner passed. On August 22, 1918, the commission conducted a competitive examination for this position. An eligible list resulted containing three names, among which was registered the name of the petitioner, who was duly notified on August 26, 1918, that his name had been placed on the list as eligible for appointment. After this list had been promulgated, respondent formally appointed petitioner from this list, to take effect September 1, 1918. The petitioner continued in said position until December 12, 1918, when respondent sent him this letter: " Your services as attorney in tax foreclosure matters will no longer be required. Your salary on the payroll will be computed up to today. Please give Mr. Burke memorandum and all papers in any unfinished matters in your hands."

Petitioner protested, and demanded to be told of the cause of his removal. No written charges were made. Petitioner was given no opportunity to make explanation.

Respondent's answering affidavit asserts, (a) that petitioner's position was a confidential one, and hence may be regarded as in

the exempt class; (b) that respondent now intrusts city tax proceedings to different outside law firms. This perhaps might be taken as a statement that petitioner's office has been abolished.

The learned justice at Special Term considered petitioner entitled to a mandamus " if the position were one which was not exempt under the Civil Service laws." He, however, reached the view that petitioner's duties as attorney at law were confidential, and, therefore, belonged in the exempt class. The application was, therefore, denied, with fifty dollars costs, from which petitioner has taken this appeal.

*Arthur C. Blatz,* appellant, in person.

*E. V. B. Getty* [*J. Henry Esser, Corporation Counsel,* with him on the brief], for the respondent.

PUTNAM, J.:

The question if this position is, or is not, confidential, was for the State Civil Service Commission to decide. When it was placed in the competitive class by the local commission and approved by the State Civil Service Commission, such act bound the appointing officials of the city, until set aside by judicial action, or until by a reclassification of the Civil Service Commission the position should be transferred to the exempt class. This court cannot hold as matter of law that Mr. Blatz' duties could not properly come under the competitive class. Even if we might differ from the Commission as to the practical wisdom of its classification, nevertheless the question must be left to the determination of the State Civil Service Commission. (*Matter of Simons* v. *McGuire,* 204 N. Y. 253.)

However, the respondent has power to abolish in good faith such position in the competitive class. While the affidavit sets forth a more recent practice to intrust such tax litigations to outside lawyers, it does not appear that the other two attorneys also appointed from the eligible list have been discharged.

We could not grant a peremptory writ except where only issues of law are involved (Code Civ. Proc. § 2070), so that the answering statements as to change of the petitioner's office would have to be accepted as true, as upon demurrer. (*Matter of Breckenridge,* 160 N. Y. 103.) Since the question of abolishing petitioner's office presents an issue of fact, an

alternative writ is the proper one now.    (*People ex rel. Pump-yansky* v. *Keating*, 168 N. Y. 390.)

The order appealed from should be reversed, with fifty dollars costs to abide the final award of costs, and an alternative writ of mandamus issued.

JENKS, P. J., RICH, BLACKMAR and JAYCOX, JJ., concurred.

Order reversed, with fifty dollars costs to abide the final award of costs, and an alternative writ of mandamus issued.