STATE, EX REL. DARLENE JOHNSON ET AL., RELATORS, V. JOHN M. MATZEN, STATE SUPERINTENDENT OF PUBLIC INSTRUCTION, RESPONDENT.

FILED SEPTEMBER 30, 1926.   No. 25556.

Schools and School Districts: TEACHERS' CERTIFICATES. Where an applicant for a teacher's certificate has successfully passed the examination for such certificate under chapter 182, Laws 1925, the state superintendent is without authority, in the absence of statute, to refuse to issue the certificate provided for therein on the sole ground that the applicant is under the age of 18 years.

Original proceeding in mandamus to compel respondent to issue to relator, Darlene Johnson, a teacher's certificate. *Writ allowed.*

*Hugh J. Boyle,* for relators.

*O. S. Spillman, Attorney General,* and *George W. Ayres,* contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

By appropriate proceedings commenced in this court, on relation of Darlene Johnson, aged 17, by Gustof H. Johnson, her father and next friend, and Gustof H. Johnson, as relators, against the Honorable John M. Matzen, state superintendent of public instruction, as respondent, the relators sought to have a writ of mandamus issued by this court compelling the respondent to issue to Darlene Johnson a

third grade elementary school certificate upon an application theretofore presented by her to the respondent, the required fee having been tendered by relators therefor. The facts are undisputed. The case was submitted on the pleadings and oral argument. Whereupon the court, being fully advised in the premises, found in favor of the relators and caused a peremptory writ of mandamus to issue requiring the immediate issuance of the certificate in question, it being conceded that the relator Darlene Johnson successfully passed the required examination. It may here be observed that the respondent frankly concedes that the legislature has not enacted a statute which imposes the rule for which he contends as a preliminary condition to the issuance of such certificate.

The respondent, in his answer, pleaded that such refusal was based on the ground that "the relator Darlene Johnson * * * is but 17 years of age and he has adopted a rule that no certificate to teach school will be granted by him to any applicant unless such applicant is at least 18 years of age."

Counsel for relators, in substance, contends that the respondent has no statutory right to adopt the foregoing rule. The relators' contention as above noted, must be upheld. The legislature has not delegated to any official the duty of fixing the age which a qualified applicant must have attained before the certificate in question shall be issued. And our decision is based solely on this ground. We hold that unless, and until, the legislature shall see fit to invoke the rule contended for by the respondent, the applicant who complies with the requirements of the act shall be entitled to receive the certificate. Under the act there is no legal obligation resting on the successful applicant that he shall engage in school work. The law fixes no age requirement.

The local boards of education, as in the present case, select and employ the teachers for their schools. And such boards are selected from the body of the citizens in the same locality where the school is situated and they are, of course, vitally interested in seeing to it that the teachers

employed by them are persons of character and in all respects qualified to teach in the grades for which they hold certificates. And in so doing it is competent for them to pass upon the fact as to whether an applicant under the age of 18 years has the required qualifications. It is a universally recognized fact that some persons under the age of 18 are endowed with mental equipment and have acquired scholastic attainments that are superior to others who are over that age, though they may have enjoyed the same educational advantages, but, for obvious reasons, they may not be so richly endowed with that other and rarer quality which makes them apt to teach. Doubtless the lawmakers were so minded. Anyhow, this seems to be a part of the duty devolving upon the school boards.

We have no right, neither are we disposed, to interfere with the apparent legislative intent to leave the question of the age of the applicant to the local boards of education. To do so, in the absence of statute, would of course be judicial legislation. If the law, in the respect noted herein, is inimical to the public good, application should be made to the legislature to amend the act, and not to the courts. We conclude that the legislature did not intend that the relator, otherwise qualified, must have reached the age of 18 years before she is entitled to the certificate in question.

WRIT ALLOWED.

Good, J., dissents.