## BOARD OF COM'RS OF KIOWA COUNTY et al. v. KIOWA NAT. BANK OF SNYDER.

No. 18620. Opinion Filed Dec. 17, 1929.

Rehearing Denied Feb. 18, 1930.

Commissioners' Opinion, Division No. 1.

Geo. L. Zink, W. A. Bolding, and Herman S. Davis, for plaintiffs in error.

Bailey & McLaury, for defendant in error.

TEEHEE, C. This is an action of debt originally brought by the Kiowa State Bank of Snyder, in the district court of Kiowa county against the board of county commissioners of Kiowa and Tillman counties, to recover on four drainage district bonds aggregating in principal the sum of $4,500 with interest at 6 per cent. per annum, from April 1, 1920, their maturity date. The bonds were the last in maturity of a series of $17,500, dated April 1, 1910, issued by Kiowa county for the account of Otter Creek Drainage District No. 1, theretofore created and then existent in said county, a part of which district was thereafter and prior to the filing of the suit transferred to Tillman county. The bank predicated its right of recovery on the ground of its being a bona fide holder of the bonds. The suit was filed on March 24, 1922.

On September 12, 1922, the Kiowa National Bank of Snyder, defendant in error here, having acquired the assets of the Kiowa

State Bank through conversion from a state to a national bank, was substituted as plaintiff, at which time the drainage district and one Orville Thompson, drainage commissioner of said district, were made additional parties defendant with the named counties, all of whom are plaintiffs in error here, and to whom our further reference will be as plaintiff and defendants, respectively, as they appeared in the trial court, or by name as the case may be.

Upon substitution of the party plaintiff, amended pleadings were filed in which plaintiff affirmed the substantial allegations of fact contained in the original petition, that is to say, that plaintiff's transferor was a bona fide holder of the bonds, copies of which were attached to and made a part of the pleadings, whose rights therein it acquired through conversion of transferor into a national bank, and that all of the conditions precedent to its right of recovery had been complied with in that demand for the payment of the bonds had been made upon the defendants and by them refused; and, further, that as the original assessments made at the time of the issuance of said bonds were insufficient to raise the necessary funds for the payment of the principal and interest of all of such bonds at their maturity through error in making the estimates of said assessments so that there were insufficient funds to meet the payment of the last maturing bonds here sued on, written demand had been made upon said defendants requesting that they make such further additional assessments against the property benefited within said drainage district for the payment of said bonds, which demand of re-assessment was by said defendants refused; and thereupon prayed judgment against the defendants in the amount of the bonds with interest from April 1, 1920, at 6 per cent. per annum, and for a writ of mandamus against the defendant counties requiring and commanding them to make the said assessments.

Defendants separately answered. The answers, in substance and effect, were admission of the issuance of the bonds as alleged by plaintiff; denial of liability in that the bonds on their face showed that they were payable out of a special fund derivable by assessments against property ascertained to be benefited within the drainage district, in which assessments the duties of levying and collection thereof prior to the filing of the suit had been fully performed where performance was by law required of said defendants or any one of them; that

the court was without jurisdiction of either the parties or the subject-matter of the suit; that the bonds were void in that they were not approved by the State Bond Commissioner, nor sold in the manner authorized by the law of issuance; that they were fraudulently placed upon the market, and that plaintiff was not a bona fide holder thereof. Plaintiff denied all new matter contained in the answers.

Prior to trial, the remaining part of the drainage district in Kiowa county was transferred to Tillman county, so that at the time of trial no part of such district was within the confines of said Kiowa county.

The cause was tried to the court without the intervention of a jury. Upon controverted questions of fact, the court found for the plaintiff, and thereupon rendered judgment against the defendants for the principal sum of the bonds sued on with interest thereon from April 1, 1920, at 6 per cent. per annum, as prayed for by plaintiff, and awarded a writ of peremptory mandamus requiring and commanding the defendant Kiowa county to pay over to plaintiff such fund as it may have on hand derived from the special assessments for application on said judgment, and a like writ against both the defendant counties requiring and commanding them to include the amount of the judgment rendered in their next regular estimated needs of their respective counties, and make the necessary levies for the payment of the same, and, further, that the defendant Tillman county make such additional and special assessments as may be necessary against the property chargeable within the limits of the drainage district, and upon collection thereof reimburse the defendant counties for such monies as' they may have paid out on account of the judgment rendered against them, and that said defendant counties make due and proper return of the writ showing by a certificate the things commanded to have been done.

For reversal of the judgment several propositions are submitted, but, in the view we shall take of the case, it is only necessary to consider the question of the jurisdiction of the court to have proceeded with the trial of the cause over the objection to the introduction of evidence interposed by defendants at the opening of the trial.

There were several grounds of objection, but the one here material is that based on the ground that upon transfer of the re-

maining part of the drainage district in Kiowa county to Tillman county, subsequent to the filing of the suit and prior to the hearing thereof, the district court of Kiowa county was thereby divested of its jurisdiction of the cause.

In presenting the question, defendants proceed on the theory that the court was without jurisdiction of either the subject matter or the parties, and that if it be considered that the cause was properly filed in the district court of Kiowa county, when the fact of detachment of the drainage district therefrom and attachment thereof to Tillman county as an entirety was brought to the attention of the court, that operated as a divestiture of its jurisdiction. The first phase requires but passing notice, as the argument in that relation principally goes to the question of nonliability of the parties defendant, and to a misjoinder of them, rather than to the point made. The court being of that class vested with general original jurisdiction (section 10, art. 7, Const. Okla.) and the relief sought being of a character to call into exercise that jurisdiction, we are unable to see that these questions have any bearing upon the point. We therefore dismiss this phase and pass to the other phase which raises the question of jurisdiction from the standpoint of the venue of the case.

Thereunder defendants contend, in effect, that if the venue was originally in Kiowa county, this was lost upon transfer of the entire drainage district from that county to Tillman county, and that assuming such transfer relieved Kiowa county of all liability, it must follow that to bind Tillman county by judgment, the action must be brought in the proper court of that county. In support of the point, defendants rely on the common-law rule which is to the effect that an action against a municipal corporation must be brought in the proper court of the county of situs of the defendant corporation, citing Cullman County v. Blount County, 160 Ala. 319, 49 So. 315; Montague County v. Meadows (Tex. Civ. App.) 31 S. W. 694; McBane v. People, 50 Ill. 503, and other like cases, in which jurisdictions either the common law obtains, or it in effect is so declared by statute.

While the argument advanced by defendants presents the question on a theory, the tenability of which we need not determine, yet, we think the objection to the jurisdiction of the court was well taken for a reason, which, from the record, does not appear to have been called to the attention of the trial court, nor is it here presented, and which, in the state of the case, we feel obliged to notice and deal therewith upon our own motion, as it more directly goes to the question of the validity of the judgment rendered by the trial court than does the theory thus advanced by defendants.

That the action was properly filed in the first instance, we think there can be no doubt. A county is "a body politic and corporate," and as such it is capable "to sue and be sued." Article 17, sec. 1, Const. of Okla., and section 5653, C. O. S. 1921. If there be no legislative direction, it may not be controverted that where a county by law is declared to be a corporate entity with power to sue and permitted to be sued, the venue of an action thereagainst must be according to the course of the common law, as in the Cullman County Case. If there be a special provision of law upon the subject, as in the Montague and the McBane Cases, the special statute controls. If there be no special statute, and there exists a general law of venue, it would appear to be sound logic to hold that the general law controls the venue. It has been so held in State ex rel. King County v. Superior Court, 104 Wash. 268, 176 Pac. 352. See, also, the later cases of Howe v. Whitman County, 120 Wash. 247, 206 Pac. 968, 212 Pac. 164, and Northern Pacific Railway Co. v. State, 144 Wash. 505, 258 Pac. 482. The general law of venue in that state (1 Rem. C. S. Wash. 1922, page 262, chapter 5, title 2), in substance, is similar to the law of venue in our own state. In laying down the rule that a county as a party litigant is subject to the general law of venue as any other party litigant, the court, in the King County Case, made this pertinent observation, to wit:

"Neither a person nor a body corporate has a constitutional right to be sued at the place of domicile. This counsel will admit, but they contend that the common-law procedure as to the place of trial must govern in the absence of a statute expressly authorizing a county to be sued beyond its own boundaries. But to us it seems the better rule that, having no procedure other than the practice act, a municipal corporation must answer under it, unless the act giving the right of action exempts it in terms. This it does not do."

This reasoning appears to us to be unanswerable, and we adopt the principle there applied, and hold that the venue of an action against a county is governed by the general provisions of law contained in our

Code of Civil Prodecure (chapter 3, art. 4, C. O. S. 1921), fixing the venue of civil actions.

Generally, under our law, the character of the subject-matter, or the place of origin, or the residence of either the party plaintiff or defendant, determines the venue of a civil action. In this case it is immaterial whether the action be regarded primarily as one against public officers for neglect of an official duty, or as one directly against a a county in its corporate capacity, or in either case the venue may be in the county in which the cause of action or some part thereof arose. Sections 201 and 202, C. O. S. 1921. We may properly observe, however, that a judgment of recovery must directly operate upon public officials as in its finality there would be required certain public acts in the assessment of the benefited property within the drainage district, for by the law of issuance (chapter 30, S. L. 1907-08, as amended by chapter 15, S. L. 1909) payment of the bonds sued on is expressly limited to funds to be raised by assessment of the benefited property, and for that reason a judgment of recovery could only be a special judgment and thus payable though it be in form against the county. Chapter 51, S. L. 1925; Mather v. City and County of San Francisco, 115 Fed. 37, 52 C. C. A. 631; County of Cass v. Johnston, 95 U. S. 360, 24 L. Ed. 419; Davenport v. County of Dodge, 105 U. S. 237, 26 L. Ed. 1018; Jordan v. Cass County, 3 Dill, 185. At the commencement of the suit, the drainage district was situated in two counties— Kiowa and Tillman—and the benefited property within the district primarily being affected by the suit, it is clear that the venue of the action properly was in either county. The case having been filed in the district court of Kiowa county, it must follow that the action was thus properly brought in that court and county, and was a cause therein pending at the time of transfer of the drainage district as an entirety to Tillman county. In these circumstances, defendants properly ask the question: What effect did such transfer have upon the case?

In the absence of legislation upon the subject, the rule is that where jurisdiction of a court is once vested, it cannot be ousted by subsequent events. This, as a proposition of law, has long been regarded as elementary. Hawes' Jurisdiction of Courts, p. 35, section 23; 15 C. J. 822, sections 135 and 136, and many authorities cited in both treatises. In overruling defendants' objection to its jurisdiction and proceeding with the trial of the

cause, the trial court doubtless acted on that principle. Here, the subject-matter of the question raised by defendants is controlled by statute. Sections 4287, 4288 and 4289, C. O. S. 1921. These in their numerical order provide as follows:

"4287. * * * Whenever part of a county has been transferred to another county, or a new county has been created out of an existing county, as provided by law, all civil, criminal, probate and other causes pending in the district and county courts of the original county, shall be transferred to the county as would be proper venue for such action or proceeding had the same been commenced after attaching said part of a county to an existing county, or creating said new county; provided, that the provisions of this section shall not apply to counties in which ty as would be proper venue for such action to determine the legality of the transfer or transferring of any territory from one county to another county, or the creation of a new county, until the matter has been finally determined by the courts.

"4288. * * * Upon showing by the plaintiff or defendant in all civil and criminal cases; or some interested person in probate matters, being filed by the clerk of the court, that the venue of said cause is in some other county as provided by the preceding section, the court shall order the transfer of such case or probate matter to such other county; and, upon such order being made, the clerk of the court shall prepare a transcript of all the papers filed, orders entered and a bill of the costs accrued, and shall forthwith transmit the said files and transcript of said cause by registered mail, to the court or clerk of the court of the proper county.

"4289. * * * The court to which any action or proceeding has been transferred under the provisions of this act shall take jurisdiction thereof and shall proceed therein in all respects as if such action or proceeding had been originally commenced in said court."

These provisions of our law do not appear to have received judicial consideration. In their terminology, they are mandatory rather than permissive, and being addressed to public officials they exclude the exercise of discretion and enjoin a positive and an absolute duty when the requirements of section 4288 have been met. Russell v. Harrison, 33 Okla. 225, 124 Pac. 762; Jordan v. Davis, 10 Okla. 329, 61 Pac. 1063. Thus, upon compliance with said section, the further function of the court in practical operation becomes ministerial, as the specific legislative direction is that when a showing is made that the venue of a cause is in some other county," the court shall order the transfer of such case * * * to such other county;

and, upon such order being made, the clerk of the court shall prepare a transcript of all the papers filed," etc., and transmit the same "by registered mail, to the court or clerk of the court of the proper county."

When the fact that the entire territory comprising the drainage district had been transferred from Kiowa county to Tillman county during the pendency of the cause was brought to the attention of the court by the objection interposed by defendants, which fact also was so shown by the answers filed by two of the defendants, we think that the statute thus was sufficiently answered and called for the entry of the order transferring the cause to the district court of Tillman county, which, in the circumstances, by section 4289, was fixed as the court of jurisdiction in the further proceedings to be had therein. The situation arising upon the overruling of the objection interposed by defendants at the opening of the trial and the court's further proceeding in the trial of the case was by analogy of that arising upon a denial of removal of a cause from a state to a federal court where the proceedings for a removal answered the relevant statute, with the subsequent proceedings had in the case coram non judice and void. New England Oil & Pipe Line Co. v. Broyles, 87 Okla. 55, 209 Pac. 312; Ft. Smith & W. R. Co. v. Blevins, 35 Okla. 378, 130 Pac. 525. See, also, 23 R. C. L. 601, section 2, and at page 781, section 163.

From these considerations it must logically follow that the trial court erred in overruling the objection thus interposed by defendants, and that the proceedings had in the case subsequent thereto, by force of said sections 4287, 4288 and 4289, supra, were in excess of the jurisdiction of the district court of Kiowa county, for which reason the judgment rendered against defendants was without binding force or effect.

For the foregoing reasons therefore, the judgment of the district court of Kiowa county must be and the same is hereby vacated, and the cause remanded for the entry of an order transferring the same to the district court of Tillman county for such further proceedings in the case in that court as the parties may elect to take.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Abatement and Revival," 1 C. J. §27, p. 37, n. 31. "Venue," 40 Cyc. p. 129, n. 59.