# AARON J. KAHN v. STATE BOARD OF EXAMINERS OF OPTOMETRY.

## [No. 36, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*George Washington Williams,* with whom was *Sidney Hellman* on the brief, for the appellant.

*William L. Henderson, Assistant Attorney General,* with whom was *William Preston Lane, Jr., Attorney General,* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order passed on Decebmer 31st, 1931, dismissing a petition for a writ of mandamus to require the State Board of Examiners in Optometry to issue to the petitioner a license to practice optometry in the State of Maryland.

The sole question involved arises under sections 321 and 323 of article 43 of the Code.

By the Act of 1914, ch. 652, sec. 8 (now Code, art. 43, sec. 318), it was provided that every person not practicing optometry on April 13th, 1914, desiring to begin practice in this state, should pass an examination before said board. The appellant came within the exempted class, and received a certificate of registration without an examination.

By section 321 of said article, it is provided that every

registered optometrist who desires to continue to practice
shall pay an annual registration fee not to exceed the sum of
five dollars per annum, for which he shall receive a renewal
receipt; and that "should any optometrist fail to make appli-
cation for a renewal of registration he shall be notified that
his certificate of registration will be revoked within thirty
days after such notification, and if he fails to pay the annual
fee before the expiration of the time mentioned in said notice
said board may at once proceed to revoke said certificate of
registration."

According to the agreed statement of facts in the record,
appellant practiced up to September 30th, 1925, upon which
date his renewal certificate expired; that on December 17th,
1925, his license was revoked for nonpayment of license fees;
that in the year 1927 he applied for reinstatement of his
license and offered to pay the annual fees for the period dur-
ing which his license had been revoked; that the board re-
fused to issue to him a new license unless and until he should
pass a satisfactory practical examination to be conducted by
said board, which examination it offered to give him, but he
declined to take any examination, and claimed the right to
reinstatement without examination.

Section 323 of said article of the Code provides that the
board may revoke any certificate of registration or examina-
tion granted by it "because of wilful misrepresentation,
illegal practice, conviction of crime, whether in this state
or elsewhere, habitual drunkenness for six months preceding
the charge, gross incompetency to practice optometry, the
employment of other persons as solicitors of business, obtain-
ing any fee by fraud or misrepresentation, employing directly
or indirectly any person other than the holder of a certificate
of registration or examination granted in accordance with the
provisions of this sub-title, to perform any act for which such
certificate is required, making use of or authorizing any
advertisement containing untruthful or misleading state-
ments, or any other unprofessional conduct; and the board
may refuse to grant a certificate to any person guilty of fraud
in passing the examination or guilty at any time of felony or

gross immorality or addicted to the liquor or drug habit to such a degree as to render him unfit to practice the profession of optometry; but no certificate shall be revoked nor refused unless written charges have been filed against the accused in person, and at least ten days' written notice of the time and place of the hearing thereon, which shall be public, served upon the accused, and he be given an opportunity to confront the witness against him, offer testimony in his own behalf and be heard in person or by counsel. * * * Any certificate which shall have been revoked may in the discretion of said board be reissued after six months from the date of its revocation, provided the cause for which such certificate shall have been revoked shall no longer exist, and provided further that the person whose certificate shall have been revoked shall show to said board, upon examination, that he is fully qualified to practice optometry, and shall pay a fee of fifteen dollars for such reissuance. * * * An appeal may be taken from the action of the board refusing to grant or revoking a certificate for such causes to three disinterested optometrists, one of whom shall be appointed by said board, another of whom shall be appointed by the applicant, and the two so appointed to select the third, and the decision of any two thereof shall be final and binding. * * *"

It appears from the answer of the board that its action in revoking the license of appellant was based entirely on his failure to pay for the renewal of his license, and that its procedure was entirely under section 321. That section applies to all optometrists, both those admitted to practice without examination and those admitted after examination. It is purely a taxing measure, and has no reference to qualification. The section is complete in itself, and needs no further provision to enable one whose certificate of registration has been revoked for failure to pay the annual license fee to procure reinstatement on paying the required tax for the current year. It would be unreasonable to suppose that the Legislature meant that one desiring to suspend practice for a year or two could not resume on paying the fixed license fee except at the discretion of the board.

Section 323 deals with an entirely different matter; the qualification of practitioners. It provides for the revocation of license on the commission of certain offenses or for gross incompetency after due notice and an opportunity to make defense. It is after revocation for any of such causes that the board is given discretion to reissue the license, "provided the cause for which such certificate shall have been revoked shall no longer exist, and provided further that the person whose certificate shall have been revoked shall show to said board, upon examination, that he is fully qualified to practice optometry." The examination here provided for manifestly has reference to the previous disqualification, and was intended to enable the board to ascertain whether or not it still exists. If it was intended to apply to section 321, it would hardly have been connected up with the numerous provisions of section 323 without some indication that it was intended to apply as well to section 321.

It is to be noted that an appeal is provided only "from the action of the board refusing to grant or revoking a certificate for such causes"; that is, causes mentioned in the same section.

In our opinion, the two sections are entirely independent of each other. We think a careful reading of section 323 makes the conclusion unavoidable that the examination provided for in section 323 has no reference to reinstatement after revocation for failure to pay the license fee required by section 321. In the original act of 1914, there was no requirement in either section for examination before reinstatement. It is significant that, by the amendment of 1922, ch. 231, there was no change made in section 321, but the provision for examination was inserted in section 323 only.

As the duties to be performed by the board under section 321 are entirely ministerial, mandamus is the proper remedy for the failure to perform those duties. And, in our opinion, it was the duty of the board to reissue the certificate to appellant on the tender of the license fee.

It follows that the order appealed from must be reversed.

*Order reversed, and case remanded.*