THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL D. ANTHONY, Relator, v. FRANK P. GRAVES, as Commissioner of Education of the State of New York, or His Successor in Office, and Another, Respondents.— Under section 78 of the Education Law the Commissioner of Education is given the power to select soldiers, sailors, marines and trained nurses who served in the World war, or their children, and award to them certain scholarships in colleges in New York State, and to hold examinations for the purpose. These awards are apportioned among the various Assembly districts throughout the State, not more than three to any district. In September, 1930, an examination was held, at which two candidates were successful from the twenty-first Assembly district; and Warren E. Wastie was first on the list and M. Phineas Ross the second, and both were awarded scholarships. In 1931 an examination was held at which one Epstein was first and Theodore A. Palmer was second. There being only one vacancy, Epstein was awarded the scholarship. In 1932 another examination was held at which the relator was first and the said Theodore A. Palmer was second. After the 1932 examination it was

discovered that the award to Warren E. Wastie was illegal, because he was not a resident of the twenty-first Assembly district. His award was revoked by the Commissioner, and Theodore A. Palmer was appointed * in his place on the theory that if it had not been for the erroneous appointment of Wastie, Palmer would have been entitled to the appointment in 1931. The relator contends that the qualified list of 1931 passed out of existence when the 1932 list was established. In appointing Palmer, who was second on the list in 1931, the Commissioner was but awarding the place to Palmer who was entitled to it at that time and to which he would have been appointed but for the erroneous appointment of Wastie. So far as the record is concerned, the first formal notice received by the relator that he would not be appointed was given on August 27, 1933, and accordingly this certiorari proceeding was commenced within the statutory period. The statute in question prescribed the manner in which the Commissioner shall exercise the powers conferred on him and perform the duties imposed, and in the exercise of these functions the action of the Commissioner is properly reviewable by certiorari. The Commissioner has carried out the spirit and intent of the statute, and his action should be confirmed. Determination unanimously confirmed, without costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

* Appointed during 1933, dated *nunc pro tunc* September 20, 1932.— [REP.