CHARLES A. HOBBS, JR. *v.* G. ADDISON C. HODGES

BOARD OF EDUCATION OF HOWARD
COUNTY *v.* SAME

[Nos. 9, 10, April Term, 1939.]

*Decided April 26th, 1939.*

458

 

The causes were argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELA-PLAINE, JJ.

*William L. Rawls* and *G. Van Velsor Wolf*, for Charles A. Hobbs, Jr., appellant.

*Jerome A. Loughran*, for the Board of Education, appellant.

*W. Herbert Mellor*, for G. Addison C. Hodges, Jr., appellee.

PARKE, J., delivered the opinion of the Court.

The two appeals on this record present the single and narrow question whether the award by the Board of Education of Howard County of a free scholarship to Charlotte Hall School after a competitive examination taken by contesting and qualified students is a ministerial or a discretionary act within the meaning of the statute which governs the choice. The State provides a limited number of free scholarships in designated educational institutions of Maryland. The method of selection and appointment varies somewhat with reference to the political division from which the nominee is chosen and to the institution to which the student is accredited. Code, art. 77, secs. 241-257. With respect to the free scholarship to Charlotte Hall School from Howard County, the statute provides that the school shall receive and give board and tuition free of charge to at least one student during every scholastic year; and that each student is to be received subject to the rules and regulations of

the school, and to dismissal therefrom for cause in the discretion of its board of trustees. *Ibid,* sec. 253. After thus fixing the obligation of the school, subject to its matriculation requirements and disciplinary and scholastic control, the law provides for the selection of one student by the Board of Education of Howard County to fill this scholarship in these precise terms: "254. * * * all such selections to be made by competitive examinations from among the youths who reside in the legislative districts for which they are respectively chosen and who are or have been students in the public schools of such districts, and the students so selected shall be entitled to the scholarships above provided for in Charlotte Hall School for terms of three years; and when the terms of such appointee, or any of them, have expired, or for any cause a vacancy occurs, or vacancies occur in said scholarships, said respective boards shall in like manner and from like classes choose other students to fill such vacancy or vacancies." *Ibid,* sec. 254.

The plural number is employed in the section here quoted in order to embrace all the legislative districts within the contemplation of the law. The specific application of the statute to Howard County is (1) to prescribe an eligible class, and (2) to limit the method of choice within that class to a selection to be made by competitive examinations. The eligible class embraces all youths who reside in Howard County, and who are or have been students in the public schools of that county. Every one of this class may take the competitive examinations uniformly required of the candidates by the Board of Education of Howard County, and the result of the examinations is to decide which one of the students is to be selected. The object of statutory competitive examination is to ascertain who among the competitors in the contest by examinations is best entitled to the advantage of the scholarship. With equality in opportunity afforded and assured by every qualified student undergoing identical open examinations, which are to be fairly conducted and honestly evaluated, the applicant

who passes the best examinations is the one who, having successfully contended with all others, should receive the scholarship which is the prize or advantage of the contest of rivals.

One of the primary purposes of the competitive examination is to award the scholarship for proved merit thus explored and determined, so that the selection be made without reference to economic status or to social, personal, political, or partisan influence or to other considerations. To fulfill the legislative intention it is obviously necessary that the student whose marking or grading is best should receive the appointment. If the winner be not so appointed, any other and different tests from that designated by law could be employed, and the statutory restraint of method would be abandoned and thereby would be let in the full train of evils which the competitive examinations were specified to prevent. It is, therefore, not consistent with the legislative objective to adopt a construction which, notwithstanding the result of competitive examination, would permit another choice by the exercise of an imputed administrative discretion which must be arbitrarily inferred, and which would be exposed to all the excluded evils of extraneous influences and considerations both open and covert. To specify that a scholarship be awarded by the selective method of a competitive examination, and then to deny to the successful and qualified contestant the object of the competition, is unreasonable and provocative of just disappointment. It would not be in accordance with sound rules of construction to infer so inconsistent and irrational a discretion in the Board of Education, when the General Assembly has plainly said that the choice is to be determined by a competitive examination.

In the subjects, form, and contents, as well as in the marking and grading, of the examinations, the Board of Education of Howard County exercises a just and reasonable discretion, but when the examinations are held and the successful student is thereby fairly determined, administrative discretion is at an end, and it

becomes a ministerial duty of the Board of Education of Howard County to select the successful contestant as the student entitled to the scholarship in the Charlotte Hall School. Nor, under such circumstances, is there left any matter for review by the State Board of Education. Code, art. 77, secs. 43, 77, and 11. The construction of a statute is not an administrative matter within the authority of the Board of Education to determine. *County Board of Education v. Cearfoss,* 165 Md. 178, 186, 187, 166 A. 732. It remains to apply the statute, as so construed with reference to Howard County, to these facts. Compare Code (Supp. 1935), art. 77, sec. 257A.

Among the qualified students who took the competitive examinations for the scholarship to Charlotte Hall School from Howard County were G. Addison C. Hodges, Jr., and Charles A. Hobbs, Jr., who received the two highest ratings of all the contestants. The first named made a mark of 196 and the second made a mark of 164. The County Board of Education selected the student with the second best rating. On a petition for a writ of mandamus to command the Board to select the student who had obtained the highest mark in the competitive examination, the Board answered and maintained that the rejection of the successful contestant and the selection of the student with a lower rating was in the exercise of the Board's alleged discretion in selection. In addition, the Board denied any injustice had been done, because the rejected student, who had been the victor in the competitive examination, lived within a short distance of the Ellicott City High School, where the same course of study was prescribed and was available as at the Charlotte Hall School, and that the student selected lived in a more distant section of the county. The student who had been appointed intervened, by his father, and answered by asserting that the selection was within the discretion of the Board and that, in addition to the results of the competitive examination, it was the duty of the Board to take into consideration the relative merits

of the applicants, including their "scholastic talents, aptitudes and capabilities, their character, conduct, health, morals, financial position and accessibility to the various county high schools, as well as matters of county policy toward the obtention of the greatest county educational benefit, including a proper and equitable distribution of scholarships among families and districts of the County; and that the Board of Education was guided by its consideration of some, if not all, of the aforementioned factors in finally awarding said scholarship to the defendant."

Demurrers were interposed to both answers. The court sustained the demurrers; and, on submission upon petition and answers, an order was accordingly passed which directed the writ to issue. Appeals were entered by the Board of Education and by the student who had been appointed. For the reasons stated in this opinion, the appointment is not discretionary, and the facts set up in the answers in justification of the award made are not available in defense, and, so, do not support the action of the Board, whose selection for the scholarship must conform, under the given circumstances of this record, to the result of the competitive examination. *Kahn v. Board of Examiners,* 162 Md. 667, 671, 161 A. 12. See *People ex rel. Anthony v. Graves,* 244 App. Div. 860, 279 N.Y. Supp. 847; *Hamlett v. Reid,* 165 Ky. 613, 177 S.W. 440; *Pinsler v. Protestant School Commrs.,* 23 Quebec, 365, 366, 379; *Dillen v. Myers,* Brightly, N.P., Pa., 426, 431, 432; *Mitchell v. Winnek,* 117 Cal. 520, 49 P. 579, 582; *Keller v. Hewitt,* 109 Cal. 146, 41 P. 871; *Northington v. Sublette,* 114 Ky. 72, 69 S.W. 1076; *State v. Matzen,* 114 Neb. 795, 210 N.W. 151; *Johnson v. Connelly,* 88 Kan. 861, 129 P. 1192; *Jordan v. Davis,* 10 Okl. 329, 61 P. 1063.

The following cases cited by the appellants have been examined, and they have not been found to be in conflict with the construction here given the particular statutory law under consideration. *State ex rel. Raines v. Seattle,* 134 Wash. 360, 235 P. 968, 973, 974; *Pratt v. Rosenthal,*

181 Cal. 158, 183 P. 542; *Matter of Keymer,* 148 N.Y. 219, 42 N.E. 667; *People ex rel. Stokes v. Tully,* 108 App. Div. 345, 95 N.Y.S. 916, 1153; *Matter of Blatz v. Esser,* 189 App.Div. 763, 179 N.Y.Supp. 143.

*Order affirmed in Nos. 9 and 10, Appeals, with costs to the appellee.*