## BARTLESVILLE WATER CO. v. BRANN et al.

No. 24891. Nov. 28, 1933.

252

Rowland & Talbott, for plaintiff in error.

P. A. Sompayrac, Asst. Co. Atty., and Shipman & Lewis, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Washington county denying the petition of the plaintiff in error for a writ of mandamus against the excise board of Washington county, in an action wherein it was sought to require the excise board to approve a supplemental estimate submitted by the board of commissioners of the city of Bartlesville, Okla. The trial court refused to grant the writ, and an appeal was taken from the judgment of that court. The parties hereinafter will be referred to as they appeared in the trial court.

It appears that when the city of Bartlesville prepared its 1932-33 budget, the city board of commissioners was unable to estimate or cause to be appropriated a sufficient sum of money to pay the hydrant rentals for which the city would be obligated for the fiscal year 1932-33. The plaintiff company continued its service to the city, and such services were accepted by the city. During that fiscal year there was accumulated by the city of Bartlesville a large and unanticipated sum of money, which, it is contended, is available for appropriation for legitimate purposes. The amount was shown to be $18,067.69. The city of Bartlesville attempted to obtain an additional appropriation of $2,996 for "Fire Hydrant Rental." It is not denied that all of the statutory requirements for a supplemental estimate were complied with and full information and showing placed before the excise board. The trial court sustained the excise board in its refusal to approve the supplemental estimate and refused to issue the writ for two reasons:

"(a) That the approval or disapproval by the excise board of the supplemental estimate requested by the city of Bartlesville herein is a matter that rests in the discretionary control of the excise board, and said discretion having been exercised by the board, the court is without jurisdiction to disturb same.

"(b) That plaintiff has an adequate remedy at law in that it may bring action for judgment upon its claim against the city of Bartlesville, and for that reason the writ of mandamus should be denied herein."

The authority for supplemental appropriations and the entire procedure governing the same is shown in section 12680, O. S. 1931. It provides, in part, as follows:

"Whenever the public welfare or the needs of any county, township, city, town or school district shall require, the excise board may, on call of the chairman, convene at any time for the purpose of making supplemental or additional appropriations for current expense purposes; provided, that all such appropriations authorizing the creation of an indebtedness shall come within the limitations of section 26, article 10, of the Constitution. No supplemental or additional appropriation shall be made for any county, township, city, town, or school district in excess of the income and revenue provided or accumulated for the year. * * *"

The second subdivision of that section provides:

"If the financial statement herein required shall correctly reflect a surplus in revenue in any fund available for current

expenses, and the excise board shall so affirmatively find, it may make supplemental appropriations to an amount not exceeding the .aggregate of such surplus."

The excise board, in its answer to the plaintiff's petition, attempts to justify its action on the grounds that the plaintiff was not entitled to equitable relief; that it had a plain and adequate remedy at law; that it was advised when the regular annual estimate was approved that only the sum of $4,700 would be appropriated for hydrants for that fiscal year; that the plaintiff made no objection or protest and took no steps to compel the city of Bartlesville or the excise board to include in the estimate the additional amount needed, and that by reason of its silence and conduct it is estopped to claim the relief prayed for.

The record shows that the plaintiff contended both before the city board of commissioners and the excise board that the estimate should contain an amount sufficient to pay its claim; that no agreement was made with the city of Bartlesville to take a lesser amount; that when shown that it was not possible, within the law, to allow the full amount necessary, either Mr. Rowland, the attorney for the plaintiff, or Mr. Perkins, its manager, or both, said in substance: "If that is all the money available, we will just have to go ahead. We will continue to furnish the service."

This court frequently has held, and now holds, that cities have power and authority under the general laws of the state with reference to matters of purely local or municipal concern (section 20, article 10, of the Constitution, and sections 12669 to 12,-688, inclusive, O. S. 1931), and that as to appropriations for such purposes which are within the limitations provided by the statutes and Constitution of the state, their discretion is not subject to review by the excise board.

In the City of Ardmore v. Excise Board of Carter County, 155 Okla. 126, 8 P. (2d) 2, this court held:

"Under the provisions of section 9698, C. O. S. 1921, the excise board is given power and authority to revise and correct estimates certified to them and, for the purpose of revision and correction thereof, may strike items therefrom, increase or decrease items thereof, or add items thereto. In so doing it acts in a dual capacity, as the agent of the state with reference to matters in which the state has a sovereign interest, and as a supervising agency for the municipalities as to matters of purely local or municipal concern. Its duties as to the two classes are materially different.

In the first class it has the authority to strike items or reduce items granted to it by the terms of the section, except as limited by other legislative provisions; as to the second class, it has authority to reduce items or strike items only where the aggregate of the estimates is in excess of the constitutional and statutory limitations, where the item is in conflict with some plain provision of the statutes or Constitution or where the item is for an unauthorized purpose"

—and:

"The right of local self-government in cities and towns (i. e., the power of the citizens thereof to govern themselves, as to matters purely local in their nature, through officers of their own selection) existed in this state at the time the present Constitution was framed, and was not surrendered upon the adoption of that instrument, but is vested in the people of the respective municipalities, and the Legislature is powerless to take it away."

The provision in the second subdivision of section 12680, supra, is that "If the financial statement herein required shall correctly reflect a surplus in revenue in any fund available for current expenses, and the excise board shall so affirmatively find. it may make supplemental appropriations to an amount not exceeding the aggregate of such surplus." The surplus is shown by the supplemental estimate. We must conclude that the funds on hand were available for current expenses. C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48. It cannot be denied that the city of Bartlesville required a supplemental appropriation in the amount requested for the protection of its citizens and their property against loss by fire. The plaintiff is a taxpayer of the city and is entitled to that protection. We are not concerned with any question as to the validity of any claim of the plaintiff against the city. The excise board is not a court and has no authority of law to determine such a question. If there is any question as to the validity of any claim the plaintiff may have against the city, that question may be presented at a proper time and in a proper way. Herein we have only a question as to whether or not an appropriation may be made for an admittedly proper purpose.

The excise board in refusing to approve the estimate upon the showing made was not exercising any discretionary power vested in it by law, but such act on its part was an arbitrary exercise of power. We do not agree that the word "may" in

the second subdivision of section 12680, supra, was intended to give any discretionary power to the excise board in allowing supplemental appropriations when the right to the same is fully shown.

In addition to finding that the excise board acted within its discretion in refusing to approve the supplemental appropriation, the trial court refused the writ on the ground that the plaintiff has an adequate remedy at law by action for judgment against the city of Bartlesville for the amount due. That is beside the question involved. The plaintiff is not seeking to recover a money judgment. It is seeking to have an appropriation made for a proper municipal purpose.

This court is of the opinion, and holds, that the fact that the plaintiff has a right of action at law against the city, if it has such a right, is no reason for denying its right to have an appropriation made which is within the law for the proper conduct of the municipal affairs of a city. Upon the showing made to the excise board it became its duty to make the supplemental appropriation.

The judgment of the trial court is reversed, and the cause is remanded to that court, with directions that the writ of mandamus issue.

CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.