## EXCISE BOARD OF TULSA COUNTY v. STATE ex rel. BOARD OF ED., CITY OF TULSA.

No. 25486. May 15, 1934.

F. E. Riddle, for plaintiff in error.

C. H. Rosenstein, for defendant in error.

BUSBY, J. This is an action in mandamus which was commenced in district court of Tulsa county, Okla., by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. For convenience, the parties will be referred to in this opinion as they appeared in the trial court.

The plaintiff, board of education of the city of Tulsa, Okla., on March 7, 1934, filed with the excise board of Tulsa county, Okla., its request for supplemental and additional appropriation. The financial statement submitted by the plaintiff showed a surplus of revenue on hand in the sum of $20,470.84, which had been received by the plaintiff school district (independent school district No. 22 of Tulsa county, Okla.,) under the provisions of section 9, chapter 204, of the Session Laws of 1933, known as the nonintoxicating beverage enforcement law, and commonly referred to as the beverage tax. Plaintiff requested that such surplus of revenue be appropriated for certain designated school purposes in order that it might be used for the maintenance and operation of the school system of the city of Tulsa.

The defendant excise board met for the purpose of considering such requested supplemental appropriation, and on consideration thereof refused to make appropriation for some of the items requested, reduced the amount requested for other purposes, and determined that other portions of the balance of revenue should be appropriated for purposes for which no request had been made.

The plaintiff then commenced this action in mandamus in the trial court to compel the defendant to appropriate the surplus revenue available in accordance with its request. The defendant, excise board, asserts that by virtue of the powers conferred upon it by law it was vested with the discretion to determine the necessity and propriety of appropriating the available surplus balance of revenue.

The case was tried on its merits in the trial court and a judgment rendered in favor of the plaintiff. The defendant brings the case to this court on appeal.

The funds necessary to make the appropriation requested by the plaintiff were available.

The only question raised in this case is whether or not the excise board is vested with discretion to determine the necessity for a supplemental appropriation. This question was determined adversely to the contention of the defendant in State of Oklahoma ex rel. Board of Education of the City of Tulsa, v. Ralsa F. Morley et al., this date decided, 168 Okla. 259, 34 P. (2d) 258. According to the rule announced in that case, the judgment of the district court of Tulsa county is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., absent.