The STATE of Oklahoma ex rel. DE-
PARTMENT OF TRANSPORTATION
of the State of Oklahoma, Appellant,

v.

Jerry D. MOSS and Lavena P. Moss, hus-
band and wife, Sulphur Community
Bank, and County Treasurer of Murray
County, Appellees.

No. 50862.

Supreme Court of Oklahoma.

Oct. 2, 1979.

Rehearing Denied Nov. 13, 1979.

T. N. Keltner, Chief Legal Div. by Ed H.
Purcer, Legal Div., Oklahoma Dept. of
Transp., Oklahoma City, for appellant.

Gibbard, Allman & Allman by Maurice R.
Allman, Sulphur, for appellees.

DOOLIN, Justice.

The State of Oklahoma, ex rel. Depart-
ment of Highways (Department) filed nine
condemnation proceedings against various
landowners in Murray County; eight were
filed on May 21, 1976—one on June 1, 1976.
Commissioners were appointed to assess
damages in all nine condemnation proceed-
ings in June of 1976. On September 3,
1976, three commissioners filed their report
on eight of the cases, including the one at
bar; the ninth case was filed on September
24, 1976. None of the landowners filed
exceptions or demanded a jury trial. Be-
tween the dates of September 22, 1976 and
October 15, 1976, Department deposited the
amounts assessed by the commissioners
with the court clerk. On September 27,
1976, Department filed a demand for jury
trial in one of the nine cases, C–76–30.[1]
Department filed no further demands for
jury trial in the other cases until February
24, 1977. At that time Department sought
an extension of time to demand a jury trial
pursuant to 69 O.S.1971 § 1203(e)(3). A
hearing was held on that issue alone.[2] De-
partment claimed it called the court clerk
several times prior to filing of commission-
ers' report to inquire of its status, but that
it received no written notice that commis-
sioners' report had been filed as required by
69 O.S.1971 § 1203(e)(3).

The trial court overruled Department's
motion to extend its time to demand a jury
trial, finding Department had actual notice

---

1. C–76–30 is the only case wherein a demand
   for jury trial was filed. No appeal was taken in
   C–76–30.

2. All remaining eight cases were heard togeth-
   er. This opinion deals solely with C–76–31,
   although the other seven will be dealt with
   similarly.

of the commissioners' report although it was unclear whether or not court clerk had mailed a copy of the report to Department. It further found even if court clerk did not mail a copy to Department, this fact did not prejudice Department in its duty to demand a jury trial within sixty days as required by 66 O.S.1971 § 55.

Department appeals.

This order of the court denying Department's motion for an extension of time to file a jury demand is final and hence appealable by 69 O.S.1971 § 1203(f) which states:

"Either party aggrieved may appeal to the Supreme Court from the decision of the District Court on exceptions to the Report of Commissioners, or jury trial; . . ."

Department's primary thrust on appeal is that court clerk's duty to mail Department a copy of the report is mandatory. Failing compliance with this mandatory duty, trial court had no discretion to refuse its application for an extension of time to demand a jury trial.

The pertinent parts of 69 O.S.Supp.1977 § 1203(e) provide:

(2) Within ten (10) days after the Report of Commissioners is filed, the court clerk shall forward to the attorney of record for the condemnor, the attorney of record for each condemnee, and to all unrepresented condemnees, a copy of the commissioners' report and notice, stating the time limits for filing an exception or demand for jury trial as specified in paragraph (A) of Section 55 of Title 66 of the Oklahoma Statutes. This notice shall be on a form prepared by the Court Administrator, which shall be approved by the Supreme Court, and shall be distributed to all clerks of the district court by said

Court Administrator If a party has been served by publication, the clerk shall forward a copy of the Report of Commissioners and notice of time limits for filing an exception or demand for jury trial to the last-known mailing address, if any, and shall cause a copy of the notice of time limits to be published in one (1) issue of a newspaper qualified to publish legal notices, as defined in Title 25 of the Oklahoma Statutes, Section 106. After issuing the notices provided herein, the court clerk shall endorse on the notice form filed in the case the date and that a copy of the report together with the notice form filed in the case was forwarded to each condemnee and each attorney of record, or the date the notice was published in compliance with the. provisions hereof. (3) The time limits for filing an exception and demand for jury trial, as prescribed in paragraph (A) of Section 55 of Title 66 of the Oklahoma Statutes, shall be calculated from the date the Report of the Commissioners is filed in the case. *On failure of the court clerk to give notice within the time prescribed in paragraph (B) of Section 55 of Title 66 of the Oklahoma Statutes, the court, on application of any party, may extend the time for filing an exception to the report, or a demand for trial by jury for a period not to exceed twenty (20) days from the date the application is heard.* (Emphasis supplied).

Under 66 O.S.1971 § 55(A), a demand for jury trial must be made within sixty days after filing of commissioners' report.[3] This Court has consistently held the filing of a demand for jury trial is effective only for the period allowed by statute after the filing of the report.[4] Section 1203(e)(3) permits a trial court to extend this time for

---

**3.** 66 O.S.1971 § 55(A) provides:

"The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party, in the Clerk's office within thirty (30) days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown; or

either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court . . ."

**4.** *Transok Pipe Line Company v. Adams*, 488 P.2d 1256 (Okl.1971).

filing. The word "may" in this section contemplates a discretionary act.[5] If inadequate notice was given and Department was prejudiced because it did not know what the report contained, then trial court should have granted the extension.

Here, however, Department shows no prejudice. It does not deny it had actual notice of the award, or that it deposited the amount of the award into court, and it was drawn down. Department did make timely demand for jury trial in one of the nine cases. It had ample opportunity to do the same in the present case.

Trial court was correct in finding Department was not prejudiced if court clerk failed to mail a copy of the report to Department. Trial court did not abuse its discretion in denying Department's motion for an extension of time to file a demand for jury trial.

AFFIRMED.

All the Justices concur.

---

5. *Shea v. Shea*, 537 P.2d 417 (Okl.1975).