**Larry Randall OLDHAM, Appellee,**

**v.**

**DRUMMOND BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT #I–85 et al., Appellants.**

**No. 48065.**

Supreme Court of Oklahoma.

Oct. 28, 1975.

Rehearing Denied Dec. 9, 1975.

Harold J. Singer, Singer & Scott, Enid, for appellee.

Larry L. French, Edwards & French, Seminole, for appellants.

LAVENDER, Justice:

Larry Randall Oldham (Oldham) held a teaching contract with Drummond Board of Education of Independent School District #I–85 (school board) for school year 1973, 1974. School board in its meeting of March 7, 1974, discussed employment of teachers for school year 1974, 1975 and renewed or did not renew the then present teachers' contracts. Oldham's contract was not renewed. He sought through this declaratory judgment action to declare invalid the school board's action of non-renewal as to his contract and that his employment contract as a teacher had not been terminated. Trial court declared the school

board's action to be invalid and held Oldham had not been terminated as a teacher. School board appeals.

The central issue in the action, and this appeal, is the validity or non-validity of the school board's action in not renewing Oldham's contract under 25 O.S.1971 § 201. The material part of the statute to this case reads in part: ·

> "* * * any vote or action thereon (employment, hiring, etc. of any public employee) must be taken in public meeting with the vote of each member (of the school board) publicly cast and recorded.
>
> Any action taken in violation of the above provisions shall be invalid." (Explanation added.)

Oldham makes no contention the school board did not conduct a public meeting. The school board makes no contention it is not under § 201.

Oldham makes no contention of any violation of the Oklahoma School Code, 70 O.S.1971 § 1–101 et seq., particularly as to teacher's contracts, § 6–101 et seq. If the school board's action of non-renewal was invalid, then under § 6–101, subd. E.[1] Oldham was employed on a continuing contract basis; otherwise his contract was properly terminated.

Testimony of the members of the school board shows the teachers were discussed separately and in alphabetical order. After each teacher was considered, a member would move to renew or not renew. Upon a seconding of the motion, a vote would be taken by a show of hands unless a roll call was asked. The minutes of the meeting recorded a motion as to each teacher to ei-

---

1. 70 O.S.1971 § 6–101, subd. E. provides in part:

"A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and

if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the teacher and on the school district."

ther renew or not renew. In each instant, the motion was shown to have carried. As to Oldham, the minute was:

"Moved and seconded to not renew the contract of Randy Oldham.—Carried." No roll call was asked for and no other record was made of the vote. At trial, some of the members were confused as to the actual count on the vote, but not as to the result.

We hold 25 O.S.1971 § 201 requires the vote of each individual member to be recorded. Here, a record was made of the disposition of the motion, not to renew Oldham's teaching contract. It carried. There is no record as to the vote of each member. That action was invalid as required by the clear language of the statute immediately following.

The school board argues there was no dissent, but possibly one member abstained and under Robert's Rules of Order Revised (191) each member's vote need not be recorded. The statute makes no mention of Robert's Rules of Order and is not controlled thereby. Its language is clear. The vote of each member must be recorded. That provision was violated. It is argued any defect was cured in final action in the next meeting of the school board where the minutes of the meeting of March 7, 1974, was read and approved. Again, there was no record of the vote of each member.

The school board argues harmless error. That position is without merit. The statutory language is clear. Any action taken in violation of the provisions "shall be invalid."

When the language of a statute is plain and unambiguous, no room for construction exists. *Forston v. Heisler*, Okl., 363 P.2d 949 (1961); *In re Estate of Redwine*, Okl., 445 P.2d 275 (1968). In *State v. Hunt*, Okl., 286 P.2d 1088, 1090 (1955), we quoted this language:

" ' "In common, ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. * * *" ' "

In the construction of statutes, the word "shall" is a command or mandate depending upon the construction of the statute as a whole and the intention of the legislature. *Oklahoma Alcoholic Beverage Control Bd. v. Moss*, Okl., 509 P.2d 666 (1973). *Moss, supra,* cites and quotes *Hunt, supra.*

Affirmed.

WILLIAMS, C. J. and DAVISON, SIMMS, and DOOLIN, JJ. concur.

HODGES, V. C. J. and IRWIN and BERRY, JJ. dissent.