**Sam HESS, Court Clerk; Mary Daniels, County Assessor; Dixie Mae, County Clerk; Kenneth Hughes, County Treasurer; and Alan K. Marston, County Sheriff; all Class A Officers of McCurtain County, State of Oklahoma, Plaintiffs-appellees,**

**v.**

**The EXCISE BOARD OF McCURTAIN COUNTY, State of Oklahoma, Jerry Gray and Roger Butler, Members, Defendants-appellants.**

**No. 61278.**

Supreme Court of Oklahoma.

April 16, 1985.

---

Don Shaw, Dist. Atty, Idabel, for defendants-appellants.

Michael Cauthron, Idabel, for plaintiffs-appellees.

OPALA, Justice.

The issue presented is whether the county excise board [Board] is required by the introductory paragraph of 19 O.S.Supp. 1982 § 180.63[1] to grant class "A" officers the maximum salary increase allowable by the valuation-based portion of the formula in part A of that section. We answer in the negative and hold that, in the absence of a showing of arbitrary conduct on the part of the Board, a court may not interfere with the Board's exercise of discretion in deciding what portion of the salary increase to be computed by the valuation-based formula in § 180.63(A) should be appropriated.

In a mandamus proceeding the plaintiffs, class "A" officers of McCurtain County [officers], sought an order directing the Board to grant them the maximum salary increase allowable by the valuation-based formula in § 180.63(A). The officers claimed that each of them was entitled to a salary of $25,740 *qua* class "A" officer. This sum, they urged, represents (a) a base salary of $18,790 [19 O.S.Supp.1982 § 180.-

---

**1.** The pertinent part of § 180.63 is set forth later in the opinion.

62(A)(5)]; (b) a salary increase of $450 under the terms of 19 O.S.Supp.1982 § 180.63(B) (population-based portion of the formula); and (c) a salary increase of $6,500 under the provisions of 19 O.S.Supp. 1982 § 180.63(A). The statutory salary increase of $6,500 was the focus of the controversy. The Board granted only a portion of the total amount because it considered the salary increase to be permissive and discretionary. Viewing the contested $6,500 differential as statutorily mandated, the district court ordered that, effective July 1, 1983, the sum of $25,740 be appropriated as the annual salary of every class "A" officer in the county.

We declare that the Board's power over the level of a § 180.63(A) [valuation-based] increase is discretionary and reverse the trial court's judgment.

The trial court's decision to compel the Board to grant the higher salaries was based on two factors: (a) its interpretation of the introductory part of § 180.63 as mandating the maximum increase in the valuation-based portion and (b) its finding that funds were available to meet the maximum compensation level allowable by the statute under consideration.

The Board argues its authority to grant the increase in contest is discretionary because the language used in the introductory paragraph of the section clearly is permissive and not mandatory. The officers assert that the statute unmistakably indicates a legislative intent not to invest the Board with any discretion in computing incremental increases. They contend that when the introductory part is read together with part B of the statute, the only conclusion to be reached is that the Board's duty to grant the salary increases—based on the

formulae in parts A and B of § 180.63—is mandatory.

The goal of statutory construction is to follow the intent of the legislature.[2] Statutory words are to be understood in their ordinary sense, except when a contrary intention plainly appears.[3] To ascertain legislative intent we look to the language of the pertinent statute.

The terms of 19 O.S.Supp.1982 § 180.63 provide in pertinent part:

"In every county in this state, the salary of all county officers named in groups 'A' and 'B' *may be increased* from the applicable basic salary named in Section 180.62 of this title, *for net valuation or serviceability,* according to the following scale: [emphasis added]

A. To the basic salary: [the text that follows here sets out the valuation-based part of the formula]

\* \* \* \* \* \*

B. And also the salary of each county officer *shall be* additionally increased from the basic salary named in Section 180.62 of this title, and the additions thereto heretofore provided in this section, *for population or service load* according to the following scale: \* \* \* [emphasis added]

Whether the introductory part of § 180.63 makes the valuation-based increase provided in part A mandatory depends on the meaning to be ascribed to the legislature's use of the word "may". Extant case law often held that "may" usually denotes "permissive or discretional, and not mandatory, action or conduct",[4] while "shall" is usually given its common meaning of "must", implying a command or mandate.[5]

**2.** *Independent School Dist. No. 89 of Oklahoma County v. Oklahoma City Federation of Teachers, Local 2309 of American Federation of Teachers,* Okl., 612 P.2d 719, 721 [1980]; *J.S. Bryan & Sons v. Vernor,* 172 Okl. 382, 45 P.2d 468, 470 [1935].

**3.** 25 O.S.1981 § 1.

**4.** *Shea v. Shea,* Okl., 537 P.2d 417, 418 [1975]; see also, *State ex rel. Cartwright v. Oklahoma*

*Natural Gas Co.,* Okl., 640 P.2d 1341, 1345 [1982]; *State ex rel. Dept. of Transportation v. Moss,* Okl., 602 P.2d 638, 640 [1979]; *Assoc. of Classroom Teachers of Oklahoma City, Inc. v. Independent School Dist. No. 89,* Okl., 540 P.2d 1171, 1176 [1975]; *Clark v. Miller,* Okl.App., 631 P.2d 1343, 1345 [1981].

**5.** *Sneed v. Sneed,* Okl., 585 P.2d 1363, 1364 [1978]; *Oldham v. Drummond Board of Education of Independent School Dist. No. 1–85,* Okl., 542 P.2d 1309, 1311 [1975]; *Oklahoma Alcoholic*

On rare occasions indeed has this court declared that "may" could be taken as synonymous with "shall". When it did so it was because to divine otherwise from the context of the enactment under review would "defy fundamental logic" and "defeat the purpose and intent of the statute".[6]

■ We think the word "may" in the introductory part of § 180.63 was used to convey its ordinary meaning and signifies permissive rather than mandatory action. This construction neither defies logic nor defeats the statute's purpose. Firstly, parts A and B provide for separate and distinct factors for increasing the base salary. The increase in part A is based upon the *valuation of county property* while that in part B is geared to the *service load* measured by the county's population. There is no logical basis for construing the salary increase provided for in these two parts to be mandatory simply because they were placed in separate paragraphs within the same statute. If the legislature had intended that the mandatory "shall", found in part B, apply also to part A, it would have been a simple matter to have employed that word instead of "may" in the introductory paragraph of the section. Further support for this view is found in the fact that prior to 1972 the language in the introductory part provided that salaries *"shall* be increased".[7] It was in 1972 that

the word "shall" was changed to "may".[8] It has since then remained unaltered through five successive amendments. If the legislature had intended for the valuation-based portion of the salary increase formula in part A to be mandatory, it would not have changed the wording of the introductory paragraph from "shall" to "may", while still retaining the mandatory "shall" in part B. From our examination of the antecedent legislation, viewed in conjunction with the enactment here under review,[9] we conclude that the word "may", as it appears in the introductory part, was intended to make the valuation-based portion of the salary increase permissive.

■ We also hold that there was no basis in law or in fact for the trial judge's finding that funds were available for the salary increases. The present statutory scheme for controlling county budgets reposes authority in the Board to allocate available revenues among the budgets proposed by competing county officers and to reduce budget items that are in excess of needs.[10] Funds that have been apportioned under the Board's allocation formula are not "available" for any other purpose. Because the Board has sole discretionary power to allocate revenues, its action in reducing any permissible item in an officer's estimate of needs is presumed to be correct until overcome by a showing of arbitrary conduct on the part of the Board.[11]

---

*Beverage Control Bd. v. Moss,* Okl., 509 P.2d 666, 668 [1973].

**6.** *Assoc. of Classroom Teachers of Oklahoma City, Inc. v. Independent School Dist. No. 89, supra* note 4 at 1176; *State ex rel. Board of Education of City of Tulsa v. Morley,* 168 Okl. 259, 34 P.2d 258, 266 [1934].

**7.** 19 O.S.1971 § 180.63.

**8.** Okl.Sess.Laws 1972, c. 115, § 1, p. 137.

**9.** Antecedent legislative enactments, which have been repealed or superseded, may be resorted to and considered in the construction of amendatory acts *in pari materia. Letteer v. Conservancy District No. 30,* Okl., 385 P.2d 796, 800 [1963].

**10.** 68 O.S.1981 § 2487; *Summey v. Tisdale,* Okl., 658 P.2d 464, 468–469 [1982]; *Excise Board of Greer County v. Rogers,* Okl., —— P.2d —— [56

O.B.J. 37, Sup.Ct.No. 59,259, December 26, 1984].

**11.** *Summey v. Tisdale, supra* note 10 at 469; *Excise Board of Greer County v. Rogers, supra* note 10.

The trial court's reliance on *Neel v. Board of County Commissioners of Cherokee County,* Okl., 617 P.2d 201, 204 [1980], in support of its decision that the Board could not refuse salary requests when revenue is sufficient to meet the requests, is misplaced. In *Neel* we held that county excise boards were not authorized to reduce budgeted items when adequate funding was available. This holding was based in part upon 68 O.S.1971 § 2487, which, at that time, did not empower county excise boards to delete items considered in estimates of needs. The scheme for controlling county budgets came to be amended in 1979. The new statutory regime now in force grants county excise boards the

The maximum level allowable under the valuation-based portion of the salary increase is not mandated by law. Arbitrariness in the Board's budget allocation was neither alleged nor shown. There was hence error in allowing the officers' claim for recovery on the theory that, because the Board had at its disposal sufficient money to fund the maximum authorized salary level, mandamus lay to compel the increased salary appropriation sought.

The trial court's judgment is reversed.

SIMMS, C.J., and LAVENDER, HARGRAVE, WILSON and KAUGER, JJ., concur.

DOOLIN, V.C.J., and HODGES and SUMMERS, JJ., dissent.

SUMMERS, Justice, dissenting:

Before the court is an ambiguous statute which therefore requires construction. In the absence of ambiguity the courts will regard a statute as meaning what it says, and look no further.[1] But an ambiguity exists when a legislature enacts two or more provisions which appear to be inconsistent.[2]

Consider the statute in its essence:

§ 180.63 *Increase to basic salary* ...

[T]he salary of all officers ... may be increased

... according to the following scale:
A. To the basic salary:
1. Add.... (a figure based on net valuation.)
B. And *also* the salary of each county officer shall be *additionally* increased.... (by a figure based on population or service load.) (emphasis added)

If "may" is given its ordinary, permissive meaning, then Paragraph B, *requiring* that "also" the salary be "additionally" in-creased, renders the statute ambiguous and requires our construction.

The majority opinion correctly states that the goal of statutory construction is to follow the intent of the legislature. Let us then scrutinize the problem section in light of the legislature's mandate that the salary statutes (§§ 180.58–180.68) be read together as a "comprehensive salary code".[3]

Section 180.58 sets the purpose:

"The purpose of this act is to codify and revise the laws of the state relating to salaries and wages of county officers and their deputies and employees, and to establish said salaries and wages by *general law applicable throughout the state* under a *uniform* schedule fixing such salaries and wages.... The Legislature has determined that the foregoing bases of such schedule gradations generally are cognate to the combination of the following factors: (a) The net valuation of all taxable property of the county ... and (b) the population of the county, hereinafter referred to as the "service load"; and that *the application of said factors properly establishes a rational and relevant formula for uniformity* of salaries and wages and of future increases and decreases thereof." (emphasis added)

Section 180.64B imposes the duty:

"The above salaries shall be paid from annual appropriations made from the general fund of the county for such purpose, and it is hereby made the mandatory duty of the county commissioners and the excise board that such funds be appropriated and paid."

The majority has concluded that the use of "may" in the introductory part of Section 180.63 imbues the excise board with discretion to pay or not pay under Paragraph A. From this position I must respectfully dissent.

---

authority to examine estimates of needs and to eliminate requests in excess of needs. 68 O.S. 1981 § 2487.

**1.** *Ford v. Okla.Tax Comm.*, 285 P.2d 436 (Okl. 1955).

**2.** *State ex rel. Rucker v. Tapp*, 380 P.2d 260 (Okl.1963).

**3.** 19 O.S.1981 § 180.67(a).

First, "may" has on occasion been construed by this court to mean "shall".[4] In *Bartlesville Water Co. v. Brann*, 166 Okl. 251, 27 P.2d 345, 347 (1933) we said

"The excise board, in refusing to approve the estimate upon the showing made was not exercising any discretionary power vested in it by law but such act on its part was an arbitrary exercise of power. We do not agree that the word "may" in the second subdivision of Section 12680, supra, was intended to give any discretionary power to the excise board in allowing supplemental appropriations when the right to the same is fully shown."[5]

Particularly will "may" be construed as "shall" when to hold otherwise would defy fundamental logic.[6]

There is a line of cases holding that when a power is given to public officers and the public interest or individual rights call for its exercise, the language used, though permissive in form, is in fact mandatory. What the officer is empowered to do for a third person, the law requires shall be done. The power is given, not for benefit of the public officer, but for the third person. The intent of the legislature was not to devolve a mere discretion, but to impose an absolute duty.[7]

"May" therefore is subject to more than one meaning in certain cases even where there is no ambiguity. Here we have ambiguity. What was the legislative intent? If they had intended to use "may" as held by the majority it is impossible to conceive why in Paragraph B. they would say:

"And *also* the salary of each county officer shall be *additionally increased....*"

Surely "additionally increased" means "in addition to the increase given in Paragraph A, above." Surely it indicates an intent to provide an increase based on population in addition to the increase already given on net valuation. Unless there was to be an increase under Paragraph A, the language used in Paragraph B makes no sense at all, and in fact would "defy fundamental logic".

Finally, the section on legislative purpose [8] gives no hint that increases based on "service load" (Paragraph B) are preferred to or treated differently than those based on "net valuation" (Paragraph A). It pronounces that together

"... the application of said factors properly establishes a rational and relevant formula for uniformity of salaries and wages...."

The stated purpose of the act is

"... to establish said salaries and wages by *general law applicable throughout the state under a uniform schedule* fixing such salaries ...."[9] (emphasis added)

Allowing excise boards discretion in granting raises—as much as $6500 per officer in this McCurtain County case—does little to establish uniformity of salaries throughout the state. It is doubtful that the legislature intended to defeat its own stated purpose.

I would affirm the trial court.

I am authorized to state that DOOLIN, V.C.J., and HODGES, J., concur with the views expressed herein.

4. *Excise Bd. v. Bd. of Education,* 168 Okl. 216, 34 P.2d 267 (1934).

5. Quoted with approval in *State v. Morley,* 168 Okl. 259, 34 P.2d 258 (1934).

6. *Assoc. of Classroom Teachers of Oklahoma City, Inc. v. Independent Sch. Dist. # 89,* 540 P.2d 1171 (Okl.1975).

7. *Jordan v. Davis,* 10 Okl. 329, 61 P. 1063 (1900). Here the statute read:

"No certificate shall be of force except in the county where it is issued: provided that the County Superintendent *may* indorse unexpired first grade certificate issued in other counties on payment of the fee of $1.00, which certificate shall thereby be valid...." (emphasis added)

The court held "may" imposed an absolute duty on the Superintendent to indorse proper certificates with no discretion.

See Annotation, 103 A.L.R. 812, for other decisions.

8. 19 O.S.1981 § 180.58.

9. Id.