Dear Representatives Hale
¶ 0 The Attorney General has received your letter asking for an official opinion addressing the following question:
In a published election notice, may the governing body of amunicipality publish a summary of the proposed amendments to amunicipal charter in lieu of publishing the full text of theproposed charter amendments?
¶ 1 The procedure for giving notice of proposed amendments to a municipal charter is governed by 11 O.S. 13-111 (1981), which provides in pertinent part:
Amendments to a municipal charter may be proposed by:
 1. An initiative petition, signed by a number of the registered voters residing in the municipality equal to at least twenty-five percent (25%) of the total number of votes cast at the preceding general election. Charter amendments proposed by initiative petition shall be governed in all respects by the provisions of 11 O.S. 15-101 through 11 O.S. 15-110 of this title; or
 2. A resolution of the municipal governing body. Notice of charter amendments proposed by resolution and the election on them shall be in the same manner provided for adoption of municipal charters as set forth in 11 O.S. 13-106 and 11 O.S. 13-1-7.
¶ 2 When an amendment is proposed by a resolution of the governing body, the notice required under 11 O.S. 13-11(2) is spelled out in 11 O.S. 13-106 which provides as follows:
 Within twenty (20) days after receipt of the proposed charter from the board of freeholders, the governing body shall publish the proposed charter and an announcement of the date for the charter election in a newspaper of general circulation within the municipality for at least twenty-one (21) days, if in a daily paper, or in three (3) consecutive issues, if in a weekly paper. The date for the charter election shall not be less than twenty (20) days nor more than thirty (30) days after the last publication.
(Emphasis added).
¶ 3 The primary goal of statutory construction is to ascertain the intent of the legislature. Hess v. Excise Board of McCurtainCounty, 698 P.2d 930 (Okla. 1985). Where the meaning of the statute is clear and unambiguous there is no room for further construction to determine legislative intent Fuller v. Odom,741 P.2d 449 (Okla. 1987).
¶ 4 It is clear that when an amendment to a city charter is proposed pursuant to 11 O.S. 13-111(2), the governing body must give notice as required by 11 O.S. 13-106. There is no reason to suppose that the notice requirements for an amendment to a charter are any less stringent than those for the original charter. Therefore under 11 O.S. 13-106 and 11 O.S. 13-111(2) the entire text of the amendment must be published.
¶ 5 It should be noted that if an amendment is proposed by initiative petition, publication of notice of the filing of the petition is filed by the municipal clerk (11 O.S. 15-104
(1981)). In addition, a ballot title is also filed with the clerk which is required to contain the gist of the proposition (11O.S. 15-105 (1981)).
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that under the provisions of 11 O.S. 13-106 and 11O.S. 13-111(s) (1981) the governing body of a municipality maynot publish a summary of proposed amendments to the city charterbut must publish the entire text of the amendment.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS B. ALLEN ASSISTANT ATTORNEY GENERAL