Dear Fire Marshal Wilson
¶ 0 This office has received your office's request for an Opinion asking, in effect, the following question:
Are the provisions of 74 O.S. 1991, § 324.4[74-324.4], which mandatethat the State Fire Marshal retire by age sixty-five (65), andwhich further mandate that no applicant for the position of StateFire Marshal can exceed the age of fifty-five (55), contrary tothe Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634?
¶ 1 The statute which prompted this inquiry reads in pertinent part:
 The Commission shall appoint a full-time State Fire Marshal. . . . The State Fire Marshal shall be retired upon reaching sixty-five (65) years of age. The State Fire Marshal . . . shall not have attained fifty-five (55) years of age at the time of his original appointment.
74 O.S. 1991, § 324.4[74-324.4].
¶ 2 The question is whether the foregoing statute violates the Age Discrimination In Employment Act ("the ADEA") which reads in pertinent part:
It shall be unlawful for an employer —
 (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]
29 U.S.C. § 623(a).
¶ 3 The purpose behind the ADEA is "`to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment.'" Johnson v. Mayor andBaltimore City Council, 427 U.S. 353, 355 (1985) (quoting29 U.S.C.S. § 621(b)).
¶ 4 In reviewing 74 O.S. 1991, § 324.4[74-324.4], it is clear that adherence to the age requirements would have the effect of preventing certain individuals from either applying for, or continuing to work as the State Fire Marshal solely on the basis of age. Standing alone, this statute clearly violates both the spirit and the letter of the ADEA. However, within the ADEA, Congress included one general exception to the prohibition against the use of age as a factor in employment decisions. The bona fide occupational qualification ("the BFOQ") is codified at29 U.S.C. § 623(f)(1):
 It shall not be unlawful for an employer, employment agency, or labor organization —
 (1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age, or where such practices involve an employee in a workplace in a foreign country, and compliance with such subsections would cause such employer, or a corporation controlled by such employer, to violate the laws of the country in which such workplace is located[.]
29 U.S.C. § 632(f) (emphasis added).
¶ 5 This exception allows an employer to base employment decisions on age when it is "reasonably necessary to the normal operation of the particular business." Id. See also E.E.O.C. v.Kentucky State Police Department, 860 F.2d 665 (6th Cir. 1988).
¶ 6 The Equal Employment Opportunity Commission's regulations and case law require an employer asserting the BFOQ defense to prove "that: (1) the age limit is reasonably necessary to the essence of the business, and either (2) that all or substantially all individuals excluded from the job involved are in fact disqualified, or (3) that some of the individuals so excluded possess a disqualifying trait that cannot be determined except by reference to age." 29 C.F.R. § 1625.6(b). If, for example, the employer's objective is better public safety, the employer must prove that the practice effectuates that goal and that there exists no acceptable alternative. Id.
¶ 7 Law enforcement agencies and employers have prevailed when mandatory retirement ages have been imposed. See E.E.O.C. v.Missouri State Highway Patrol, 748 F.2d 447 (8th Cir. 1984);Usery v. Tamiami Trail Tours, 531 F.2d 224 (5th Cir. 1976). The burden is on the employer to demonstrate the correlation between the age limitation and safe and efficient job performance by showing that substantially all older employees are unable to satisfactorily perform the duties or that some of the older employees possess traits which would preclude safe performance of the job. E.E.O.C. v. City of St. Paul, 671 F.2d 1162, 1166 (8th Cir. 1982).
¶ 8 The United States Supreme Court has repeatedly held that in light of the ADEA's restrictive language, its legislative history, and the consistent interpretation by the administrative agencies charged with enforcing the statute, the BFOQ exception was meant to be extremely narrow. Western Airlines v. Criswell,472 U.S. 400, 412 (1985). The Western Airlines Court, quotingTamiami Trail Tours, 531 F.2d at 236, stated that the "`job qualifications which the employer invokes to justify his discrimination must be reasonably necessary to the essence of his business.'" 472 U.S. at 413.
¶ 9 Case law also suggests that when determining the qualification for a business, the BFOQ inquiry may focus on particular occupations. In United States E.E.O.C. v. City of St.Paul, 671 F.2d 1162 (8th Cir. 1982), the court distinguished between the occupations of firefighter and fire chief and concluded that the nature of the tasks associated with the position of fire chief were sufficiently different from those of firefighter, in that the occupation of firefighter involves a much higher degree of endurance. Id. at 1168. The court noted that it may be reasonable to use age as a factor in making employment decisions concerning a firefighter; however, the evidence did not support a conclusion that age is a BFOQ for a fire chief. Id. at 1168. The court also rejected the city's argument that "traits which preclude safe and efficient job performance are unascertainable other than through knowledge of the employee's age, and that age in general is a debilitating factor in a person's physical and mental capabilities." Id. at 1166. The court agreed with the district court's finding that tests were available to determine with greater accuracy an individual's ability to perform the tasks required of a fire chief and that "age is a less accurate predictor of heart attacks than medical tests." Id. at 1167. The court concluded "that age discrimination was not `reasonably necessary to the normal operation' of the business of firefighting as respects fire chiefs, and therefore age would not be a BFOQ." Id. at 1167.
¶ 10 Given the inclination of the courts to give the BFOQ defense a narrow reading, any attempt by an employer to use age in any employment decision must clearly be necessary to the performance of the duties associated with the job. In this regard, it is difficult to conclude that the age limits found in Section 324.4 are reasonably related to the duties of the State Fire Marshal in that the Fire Marshal's duties appear to be more like that of a fire chief as examined in City of St. Paul. For example, Section 324.4 reads in pertinent part:
 The commission shall appoint a full-time State Fire Marshal. He shall administer and enforce the provisions of law pertaining to his office. . . . He shall possess administrative ability and experience. . . .
74 O.S. 1991, § 324.4[74-324.4] (emphasis added).
¶ 11 One of the fundamental goals of statutory construction is that "[s]tatutory words are to be understood in their ordinary sense, except when a contrary intention plainly appears." Hessv. Excise Board of McCurtain County, 698 P.2d 930, 932 (Okla. 1985); 25 O.S. 1991, § 1[25-1]. In this regard it is a reasonable conclusion that the Legislature, by using the terms "administer" and "administrative" intended that the State Fire Marshal's duties be administrative.
¶ 12 This is important since in most cases courts are reluctant to accept the BFOQ defense unless it is clearly demonstrated that public safety is at risk or that the physical demands of the job are such that age alone is a determinant of the ability to perform the job. Usery v. Tamiami Trails Tours, 531 F.2d 224,236-7 (5th Cir. 1976). For example in E.E.O.C. v. Missouri StateHighway Patrol, 748 F.2d 447 (8th Cir. 1984), a case in which a mandatory retirement statute for highway patrolmen was challenged, the court reversed the district court's finding that the State had established a BFOQ defense. The court noted that "[e]mployers are entitled to substantial discretion in judging the reasonableness of safety-related job qualifications." Id.
at 450, citing Tamiami Trail Tours, 531 F.2d at 236 n. 30.
¶ 13 The court then reviewed the evidence in the trial record which included an exhaustive analysis of the duties of a highway patrolman and the physical requirements necessary to perform those duties safely, both for the patrolman and the public. The court ultimately concluded:
 In light of these obligations and demands upon Patrol members, the Patrol has clearly established that physical ability and ability to withstand stress are job qualifications which are reasonably necessary to the performance of its functions, and that in these terms there is a correlation between the mandatory retirement age of sixty and the safe and efficient performance of the Patrol's functions.
Missouri State Highway Patrol, 748 F.2d at 451.
¶ 14 Unlike the court's finding in E.E.O.C. v. Missouri StateHighway Patrol, which was clearly based on the need for safety and physical ability, it would be difficult to reach the same conclusion as to the State Fire Marshal, especially since most of the statutory duties appear to be administrative.[1]
Accordingly, the age requirements found in Section 324.4 are not reasonably necessary to the position of State Fire Marshal as currently described in that same statute.
¶ 15 Having concluded that the age requirement in Section 324.4 is not reasonably necessary in view of the language found in the ADEA we must next determine the affect this has on the Oklahoma statute. It is well settled that "[w]hen the Federal Government acts within the authority it possesses under the Constitution, it is empowered to preempt state laws to the extent it is believed that such action is necessary to achieve its purposes." City ofNew York v. F.C.C., 486 U.S. 57, 63 (1988). See also, HousingAuthority of City of Fort Collins v. U.S., 980 F.2d 624, 631
(10th Cir. 1992) (under the supremacy clause, state laws that interfere with or are contrary to laws of Congress made in pursuance of the Constitution are preempted).
¶ 16 The ADEA was passed by Congress pursuant to the authority vested in it by Section 5 of the Fourteenth Amendment of the United States Constitution. Case law is clear that "[w]hen Congress acts pursuant to § 5, not only is it exercising legislative authority that is plenary within the terms of the constitutional grant, it is exercising that authority under one section of a constitutional Amendment whose other sections by their own terms embody limitations on state authority."Fitzpatrick v. Bitzer, Chairman, State Employees' RetirementCommission, 427 U.S. 445, 456 (1976).
¶ 17 Moreover, the supremacy of the proper exercise of congressional power regarding a given subject matter if exercised within the proper scope of that power effectively negates the reserved power of the state with respect thereto. State law must, even if based on the acknowledged police power of the state, always yield in case of conflict with the exercise by the federal government of any power it possesses under the law and Constitution. Sperry v. Florida, 373 U.S. 379, 403 (1963); Freev. Bland, 369 U.S. 663, 666 (1962).
¶ 18 The age provisions found in 74 O.S. 1991, § 324.4[74-324.4]
directly conflict with both the spirit and the letter of the ADEA in that they arbitrarily prohibit certain protected age groups from either applying for or holding the position of State Fire Marshal. Accordingly, to the extent the provisions of 74 O.S.1991, § 324.4[74-324.4] are in conflict with the ADEA, those provisions are preempted and may not be enforced.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
The provisions in 74 O.S. 1991, § 324.4[74-324.4] which mandate thatthe State Fire Marshal retire by age sixty-five (65) and that noapplicant for the position of State Fire Marshal can exceed agefifty-five (55) are not reasonably necessary to the position ofState Fire Marshal and are in conflict with the AgeDiscrimination in Employment Act, 29 U.S.C. §§ 621-634, and arepreempted by the ADEA and may not be enforced.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL
[1] It must be noted that the BFOQ determination is fact sensitive and if the duties of the State Fire Marshal were to change, the results reached in this Opinion could be different.