89 P.3d 1062 (2004)
2004 OK 22
Jimmy D. SMITH, Plaintiff/Appellee.
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.
No. 99,157.
Supreme Court of Oklahoma.
March 30, 2004.
*1063 HARGRAVE, J.
¶ 1 Plaintiff/appellee Jimmy D. Smith's driver's license was revoked for 180 days after he was arrested for D.U.I. and refused to submit to a breath or blood test. He filed a petition for appeal to district court seeking a modification pursuant to 47 O.S.2001 § 754.1 and § 755. Section 755 provides that the district court may modify the revocation or denial when it determines that the person whose license has been revoked has no other adequate means of transportation, and may enter a written order directing the DPS to allow driving, subject to certain limitations, including the ignition interlock requirement of section 754.1.
¶ 2 Section 754.1 requires that an approved ignition interlock device shall be placed, at the person's own expense, upon every motor vehicle operated by that person. The ignition interlock device is not required to be installed upon any vehicle owned or leased by an employer of the person, unless the employer consents in writing to such installation. The employer-owned vehicle exception does not apply when the person is self-employed or is employed by relatives within the first degree of consanguinity or "who resides in the same household."
*1064 ¶ 3 The sole issue is whether nine trucks owned or leased by Sue's Recycling and Sanitation, LLC must have an ignition interlock device installed at plaintiff's expense.[1] Title 47 O.S.2001 § 754.1(B) provides:
B. As a prerequisite and condition of any modification, the person shall be required to have installed an ignition interlock device approved by the Department at the person's own expense, upon every motor vehicle operated by such person, provided, the Department shall not require as a condition of modification the device to be installed upon any vehicle owned or leased by an employer of the person, except when the person is self-employed or employed by relatives within the first degree of consanguinity or who resides in the same household, without the employer's written permission to install the ignition interlock device on any vehicle to be operated by the person during the course of employment. The permission to install the ignition interlock device shall be in writing on the official letterhead of the employer. The person shall comply with all provisions of law regarding ignition interlock devices.
¶ 4 Smith is employed by Sue's Recycling and Sanitation, a limited liability company.[2] The company is solely owned by Smith and his wife, and they have 16 other employees. The company owns or leases nine trucks, including trash compactors and dump trucks. Although Smith's job is not to drive the trucks, if one of the drivers does not show up for work Smith is required to drive the truck assigned to that person. Smith was arrested for D.U.I. while driving his personal vehicle. Smith does not contest the requirement of ignition interlock devices for the two personal vehicles owned by his wife and himself.
¶ 5 The trial court, after an evidentiary hearing, found that Smith had no other reasonable means of transportation for purposes of his employment and that he may need to drive any one of the of vehicles owned or leased by Sue's Recycling and Sanitation, LLC. The trial judge found that Smith was an employee and co-owner of the business and that the company was exempt from the requirement of installing an interlock device on any vehicle owned or leased by the company.
¶ 6 The Department of Public Safety (DPS) appealed and the Court of Civil Appeals reversed, finding that Smith was "self employed" because he is a co-owner of the company and is the "boss." Smith filed a petition for certiorari with this Court and certiorari was granted.
¶ 7 DPS argues that because Smith owns 50% of, and is the "boss" of Sue's Recycling and Sanitation, LLC and makes the hiring and firing decisions, then he is not an employee of the corporation and is hence self-employed. To interpret the statute as DPS does would mean that a person who owns an interest in a business entity and makes management decisions would be deemed "self employed" for purposes of the statute. The statute, however, does not mention the role, or the degree of control wielded by an employee of a company. It says that if the vehicles are leased or owned by the person's employer, they will not have the interlock device installed without the employer's consent. Here, the vehicles are leased or owned by Sue's Recycling and Sanitation, a limited liability corporation. It should be emphasized that the cost of installing the ignition interlock device on any required vehicle is the responsibility of the employee, not the employer. We think the intent of the self-employed or employed-by-a-close-relative exceptions to the modification statute contemplate that the person may use the same vehicle for both work and personal business or that both a personal and a work-related vehicle are owned by the individual and he would be the only person driving either of them. The phrase used in the statute is "any vehicle owned or leased by an *1065 employer of the person" which distinguishes those vehicles from vehicles that are owned by an individual.
¶ 8 There is nothing in the statute to indicate that the legislature intended that the terms used therein should be given other than their ordinary meanings. Title 25 O.S. 2001 § 1 provides that words used in any statute are to be understood in their ordinary sense except when a contrary intention plainly appears. See, Hess v. Excise Board of McCurtain County, 1985 OK 28 ¶ 6, 698 P.2d 930 (statutory words are to be understood in their ordinary sense, except when a contrary intention plainly appears).
¶ 9 There is no definition of "employer" or "self-employed" in § 1754.1. The section merely says that the ignition interlock device is not required to be installed on any vehicle owned or leased by an employer of the person. "Self-employed" in its plainest sense means working for oneself rather than for an employer. See, American Heritage Dictionary, Second College Edition, 1985. Employee is likewise defined therein as a person who works for another in return for financial or other compensation. Smith testified that he receives a weekly paycheck from Sue's Recycling and Sanitation LLC.
¶ 10 The statute focuses on ownership of the vehicles, rather than on ownership of the business. The vehicles in question are owned or leased by Sue's Recycling and Sanitation, LLC. They are not owned by Smith. We believe the vehicles in question are owned by Smith's employer within the meaning of the statute. We must bear in mind that the modification is a "hardship" modification designed to accommodate a person whose license has been revoked and has no other adequate means of transportation. In the context of this case it is Smith's need to drive the company trucks in the event that the regular drivers are unable to. While in every instance of his employment Smith may not be acting as an employee would, when he is driving the trucks owned by the company, he is acting as any other employee/driver of the company.
¶ 11 In sum, we cannot find that Smith is "self-employed" within the meaning and intent of the statute. We are satisfied that within the meaning and intent of the statute, Smith is employed by Sue's Recycling and Sanitation LLC. If the legislature desires to change the statute to provide that an owner of a company is not entitled to the employer-owned-vehicles exception it may do so.[3]
CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; TRIAL COURT AFFIRMED.
¶ 12 CONCUR: OPALA, V.C.J., HODGES, LAVENDER, BOUDREAU, WINCHESTER, EDMONDSON, JJ.
¶ 13 DISSENT: WATT (BY SEPARATE WRITING), C.J., KAUGER (JOINS, WATT, C.J.), J.
WATT, C.J., dissenting:
¶ 1 The Plaintiff/Appellee, Mr. Smith, is the owner of Sue's Recycling and Sanitation. They are one in the same. The majority creates a "legal fiction" in holding otherwise. Clearly, the employer-owned vehicle exception does not apply here. Accordingly, I would, as the Court of Civil Appeals did, reverse the order of the trial court below. If Mr. Smith, as an "employee", wants to drive any of the trucks owned or leased to "Sue's Recycling and Sanitation", they must have the ignition interlock device installed. To do otherwise undermines the statutory intent of 47 O.S.2001 § 754.1(B) and subjects the public to the potential for harm, serious injury, or death to which I cannot accede.
¶ 2 I respectfully dissent.
NOTES
[1] The trial court's determination that plaintiff had no other reasonable means of transportation for purposes of his employment is not challenged here.
[2] The Oklahoma Limited Liability Company Act is codified at 18 O.S.2001 § 2000, etc. under the Corporations statutes. A limited liability company is a hybrid, having some of the characteristics of partnerships and some of corporations. Lieberman v. Wyoming.com LLC, 11 P.3d 353, 357 (Wyo.2000).
[3] See, for example, Kan. Stat. Ann. § 8-1014(h) (2002) which provides that:

(h) Any person whose license is restricted to operating only a motor vehicle with an ignition interlock device installed may operate an employer's vehicle without an ignition interlock device installed during normal business activities, provided that the person does not partly or entirely own or control the employer's vehicle or business.