2007 OK CIV APP 28

**MUMMAGRAPHICS, INC., d/b/a Webguy Internet Solutions, Plaintiff/Appellant,**

v.

**CRO, Inc., d/b/a El Chico Mexican Café, Defendant/Appellee.**

No. 103,648.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 9, 2007.

As Corrected May 10, 2007.

James L. Menzer, Menzer Law Offices, P.C., Blackwell, OK, for Plaintiff/Appellant.

John F. Heil, III, Karissa K. Cottom, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, OK, and Christian S. Huckaby, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, OK, for Defendant/Appellee.

OPINION

ADAMS, Judge.

¶ 1 Mummagraphics, Inc., doing business as Webguy Internet Solutions (Webguy), argues the trial court erred in denying its own motion for summary judgment and in granting the motion for summary judgment of CRO, Inc., doing business as El Chico Mexican Café (CRO), claiming CRO was not entitled to judgment as a matter of law. Webguy argued it was entitled to damages because CRO violated 15 O.S.2001 § 776.1 by sending certain unsolicited e-mail messages. The trial court found the messages did not mislead and consequently the statute, which makes unlawful the sending of fraudulent electronic mail messages, was not violated. We agree that the statute was not violated, but not on the basis determined by the trial court. Because our *de novo* review, however, renders the same result as that of the trial court, we affirm the judgment in favor of CRO.

¶ 2 Webguy states it is an electronic mail service provider as defined under 15 O.S.Supp.2003 § 776.5 because it is an intermediary which is an e-mail provider, web host and web designer. CRO operates the

El Chico Restaurants and e-mail messages were sent by it to Webguy promoting the restaurant as a destination for "Fiesta del Cinco,"[1] Mothers Day and Father's Day.

¶3 Webguy received 3 messages which it claims qualified as fraudulent electronic messages as described in § 776.1 because the messages contained false information. The messages were received on April 15, 2003, May 8, 2003, and June 13, 2003, at an e-mail address set up to track responses to advertising in a telephone book. Each message had an attached flier and stated: "Thank you for being a valued customer of El Chico. We appreciate your patronage and look forward to the opportunity to serve you again soon!" Webguy claimed these three messages were false because it, as a business entity, was not a customer of CRO's restaurants.

¶4 Webguy claimed to have sustained damages because the messages consumed its resources and the time of its employee and sole shareholder, Mark Mumma, as well as that of its customers, increased the cost of bandwidth, and generated log entries. Webguy characterized the messages as the type of unsolicited e-mails which contribute to clutter in the electronic mailboxes of it and its clients and which thereby make it difficult "to read and respond to legitimate e-mails." Webguy stated that in lieu of actual damages it elected to claim statutory damages under 15 O.S.Supp.2003 § 776.7(C). Based on these claims, CRO and Webguy each filed motions for summary judgment. After granting CRO's motion for summary adjudication, the trial court denied Webguy's motion and dismissed its petition with prejudice. Webguy appeals.

¶5 In addressing Webguy's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and CRO was entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Webguy. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company,* 1985 OK 25, 698 P.2d 17.

¶6 Any recovery by Webguy is dependent on the applicability of the statutes it cites as entitling it to damages. The goal of statutory construction is to follow legislative intent, and statutes should be understood in their ordinary sense except when a contrary intention plainly appears. *Hess v. Excise Board of McCurtain County,* 1985 OK 28, 698 P.2d 930. The words or phrases used by the Legislature are to be understood in the context of all of the statute and not in an abstract sense. *Matter of Estate of Little Bear,* 1995 OK 134, 909 P.2d 42. We presume that the Legislature intended what it expressed in a statute. *Oglesby v. Liberty Mutual Insurance Company,* 1992 OK 61, 832 P.2d 834. Statutory construction is not necessary if the legislative intent is clearly expressed. *Matter of Estate of Flowers,* 1993 OK 19, 848 P.2d 1146. If legislative intent is clearly expressed, the ordinary meaning of the statutory language will control. *Oklahoma Association for Equitable Taxation v. Oklahoma City,* 1995 OK 62, 901 P.2d 800, *cert. denied,* 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523.

¶7 In addition, because 15 O.S.2001 § 776.1(B) provides for a civil penalty,[2] we are mindful that strict statutory construction is required and the statute must not be extended by implication beyond the legitimate import of the words used by the Legislature. *So–Lo Oil Company, Inc. v. Total Petroleum, Inc.,* 1992 OK 71, 832 P.2d 14. Penal statutes are to be strictly construed, and any cause of action based upon such a statute

---

**1.** The advertising related to restaurant specials commemorating Cinco De Mayo, a national holiday in Mexico celebrating the victory of Mexican forces over those of France in the Battle of Puebla on May 5, 1862.

**2.** Violation subjects an offender to a civil penalty of up to $500.

must be clear and without doubt. *Quinn v. City of Tulsa,* .1989 OK 112, 777 P.2d 1331.

¶ 8 The trial court found that the three messages "in themselves contain no false, malicious or misleading information but are clearly sent for commercial advertising purposes." We agree that the messages were sent as commercial advertising, Webguy was not misled, and the information therein was not malicious, but must disagree that they did not contain false information. We therefore reject the analysis employed by the trial court, but must, based on the statutory language, conclude as it did that Webguy has not shown a violation of the act.

¶ 9 Section 776.1(A)(3) of Title 15 makes it unlawful to initiate an electronic mail message that the sender knows, or has reason to know, "[c]ontains false, malicious, or misleading *information* which purposely or negligently injures a person." (Emphasis added.) Any ordinary grammatical construction of this statute requires the "false, malicious, or misleading information" to be the cause of the plaintiff's injury. Webguy does not attempt to show that the *information* in the message is the cause of damage but instead that the receipt and processing of the messages themselves are the source of damage. To construe the statute in this fashion would extend its scope beyond the legitimate import of its words. Even if the messages had not contained the alleged false information, *i.e.,* that the recipient was an El Chico's customer, the injury claimed by Webguy would still have occurred.

¶ 10 The statute does not provide a remedy for the damages claimed by Webguy due to the *receipt* of three unsolicited messages sent by CRO. Accordingly, though for reasons other than those stated by the trial court, CRO was entitled to judgment as a matter of law, and Webguy was not entitled to judgment on its motion for summary judgment.

¶ 11 The facts shown by the evidentiary material presented to the trial court, considered in the light most favorable to Webguy, and all reasonable inferences from those facts, are consistent only with judgment for CRO. The trial court's judgment is affirmed.

AFFIRMED

JOPLIN, P.J., and MITCHELL, V.C.J., concur.